

**ORDERED in the Southern District of Florida on September 28, 2012.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re: | Case No. 09-31881-EPK |
| | Case No. 09-35888-EPK |
| BRITISH AMERICAN INSURANCE COMPANY LIMITED, | Chapter 15 Jointly Administered |
|       Debtor in a Foreign Proceeding. | |
| _____/ | |
| In re: | Case No. 10-21627-EPK |
| BRITISH AMERICAN ISLE OF VENICE (BVI), LTD, | Chapter 15 |
|       Debtor in a Foreign Proceeding. | |
| _____/ | |
| BRITISH AMERICAN INSURANCE COMPANY LIMITED, | |
|       Plaintiff, | |
| v. | Adv. Proc. No. 11-03118-EPK |
| ROBERT FULLERTON, BRIAN BRANKER, RAMCHAND RAMNARINE, LAWRENCE | |

DUPREY, VISHNU RAMLOGAN, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

        Defendants.
_____/

BRITISH AMERICAN ISLE OF VENICE
(BVI) LTD and BRITISH AMERICAN
INSURANCE COMPANY LIMITED,

        Plaintiffs,

v.                                                Adv. Proc. No. 11-03117-EPK

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

        Defendants.
_____/

## ORDER DENYING DEFENDANT
## RAMCHAND RAMNARINE'S MOTIONS TO DISMISS

THIS CAUSE came before the Court upon the *Defendant Ramchand Ramnarine's Motion to Dismiss for Lack of Personal Jurisdiction* [Adv. Proc. No. 11-03118-EPK, ECF No. 95; Adv. Proc. No. 11-03117-EPK, ECF No. 87] (the "Motions to Dismiss") filed by Ramchand Ramnarine ("Mr. Ramnarine") on June 4, 2012. Plaintiffs British American Insurance Company Limited ("BAICO") and British American Isle of Venice (BVI) Limited ("Isle of Venice" and, with BAICO, the "Plaintiffs") filed the *Plaintiff's Response in Opposition to Defendant Ramchand Ramnarine's Motion to Dismiss for Lack of Personal Jurisdiction* [Adv. Proc. No. 11-03118-EPK, ECF No. 128; Adv. Proc. No. 11-03117-EPK, ECF No. 117] (the "Responses") on July 5, 2012. Mr. Ramnarine then filed the *Defendant Ramchand Ramnarine's Verified Reply in Opposition to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction* [Adv. Proc. No. 11-03118-EPK, ECF No. 146; Adv. Proc. No. 11-03117- EPK, ECF No. 128] (the "Verified Replies"). Having

2

considered the Motions to Dismiss, the Responses, and the Verified Replies, the Court denies the Motions to Dismiss for the reasons that follow.

I.    **Background**

BAICO is a corporation organized under the laws of the Bahamas. BAICO owns a number of subsidiaries, including Isle of Venice, a corporation organized under the laws of the British Virgin Islands.

Mr. Ramnarine is a citizen of the Republic of Trinidad and Tobago, currently residing in that country, who has held a number of executive-level positions with BAICO and certain of its subsidiaries including Isle of Venice. He is currently employed as Managing Director of British American Insurance Co. (Trinidad) Ltd.

During his tenure with the Plaintiffs, Mr. Ramnarine acted on behalf of the Plaintiffs in connection with a real estate investment in Florida. Mr. Ramnarine and the other defendants in this adversary proceeding caused Isle of Venice to purchase a company known as Green Island Ventures, LLC ("Green Island") which owned about 6,000 acres of undeveloped land in Florida. The investment in Green Island was not successful, allegedly rendering the Plaintiffs insolvent.

After the commencement of insolvency proceedings in their home countries, the Plaintiffs sought recognition under chapter 15 of the United States Bankruptcy Code.[1] The foreign proceedings for BAICO and Isle of Venice were recognized by this Court on March 22, 2010 and December 23, 2010 respectively. After recognition by this Court, the Plaintiffs filed the above-captioned adversary proceedings.

In their Complaints, the Plaintiffs allege that Mr. Ramnarine caused Isle of Venice

---

[1] 11 U.S.C. §§ 101 *et seq.*

3

to invest in Green Island Holdings in spite of knowledge of a significant potential for loss. The Plaintiffs allege that Mr. Ramnarine's steering Isle of Venice into the Green Island venture amounted to gross mismanagement and breach of his fiduciary duty to the Plaintiffs.

## II.    Standard for Motions to Dismiss for Lack of Personal Jurisdiction

The plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident defendant. A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict or judgment as a matter of law. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) (quotation omitted); *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997) (quotation omitted). If a "defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *PVC Windoors, Inc.*, 598 F.3d at 810 (quotation omitted). The plaintiff "bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

## III.    Analysis

Mr. Ramnarine argues that this Court lacks personal jurisdiction over him and that the adversary proceedings are therefore subject to dismissal with regard to him under Fed. R. Civ. P. 12(b)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

In many cases the question of personal jurisdiction is determined with reference to state long-arm statutes. However, as both the Plaintiffs and Mr. Ramnarine note, because Fed. R. Bankr. P. 7004(f) provides for nationwide service of process the determination whether this Court has personal jurisdiction over Mr. Ramnarine in the present adversary proceedings depends solely on whether such jurisdiction is consistent with the Due Process Clause of the Fifth Amendment to the United States Constitution.

The Plaintiffs have the burden to establish personal jurisdiction over Mr. Ramnarine. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). The Court may exercise personal jurisdiction over Mr. Ramnarine only if Mr. Ramnarine has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). The Court has personal jurisdiction over Mr. Ramnarine if he had continuous and systematic contacts with the forum even if such contacts did not give rise to the action before the Court. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). In the alternative, personal jurisdiction is present if the Plaintiff's claims against Mr. Ramnarine arise out of his contacts with the forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414. However, personal jurisdiction is lacking if Mr. Ramnarine shows that such jurisdiction would not comport with concepts of fairness and justice consistent with due process. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). There are no mechanical or "talismanic jurisdictional formulas" at the Court's disposal. *Burger King Corp.*, 471 U.S. at 485-86. The question of personal jurisdiction is fact-specific. *See Oldfield*, 558 F.3d at 1222-23.

Mr. Ramnarine filed his *Affidavit of Ramchand Ramnarine's* [sic] *in Support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction* ("the Affidavit") [Adv. Proc. No. 11-03118-EPK, ECF No. 95; Adv. Proc. No. 11-03117-EPK, ECF No. 87.] and provided

5

additional representations in his Verified Replies. From these documents, the Court discerns that Mr. Ramnarine sat on the board of directors of BAICO's United States subsidiaries in 2008 and 2009. These entities were involved in limited business activities during that period. Mr. Ramnarine maintains a small joint savings account with his wife at a United States bank and a personal stock portfolio with non-material interests in United States companies. Mr. Ramnarine has never personally acquired real estate in the United States or a significant stake in a United States company. Mr. Ramnarine sometimes travels to the United States for shopping and vacation. He has undertaken five such trips during a recent four-year period. He traveled to the United States to retain counsel in the present litigation. According to Mr. Ramnarine, he traveled to the United States on two occasions to work on the Green Island investment and traveled to the United States on two other occasions on unspecified business related to BAICO.

The Plaintiffs do not dispute the factual statements in Mr. Ramnarine's Affidavit and Verified Replies except to assert that Mr. Ramnarine traveled to the United States to work on the Green Island investment at least three additional times for a total of five trips. The Plaintiffs attached to their Response copies of email correspondence tending to support this assertion. In his Verified Replies, Mr. Ramnarine agrees that he traveled to the United States on business an additional two times but states that one of the previously reported Green Island trips was in fact vacation. In the context of the Motions to Dismiss, the Court considers the factual allegations in the light most favorable to the non-moving party. *PVC Windoors, Inc.,* 598 F.3d at 810. The Court therefore takes as true the assertion that Mr. Ramnarine traveled to the United States on five occasions to work on the Green Island investment. In the end, it matters not whether Mr. Ramnarine traveled to Florida two or five times in connection with the Green Island investment, only that he did so travel

6

in connection with the very transaction that forms the basis for the Plaintiffs' claims in this action.

### A.  General Personal Jurisdiction

The Court may exercise general personal jurisdiction over a defendant who has exercised systematic and continuous contact with the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952). General personal jurisdiction is typically reserved for parties with a home base of operations in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (defendant must be "essentially at home" in the forum state).

Mr. Ramnarine is a citizen of a foreign country and resides there. His primary business activities were and remain outside the United States. Mr. Ramnarine's limited visits to the Florida, even the increased number and frequency alleged by the Plaintiffs, do not amount to systematic and continuous contact with Florida. The facts do not support a finding that Mr. Ramnarine is "essentially at home" in this forum. The Court lacks general personal jurisdiction over Mr. Ramnarine.

### B.  Specific Personal Jurisdiction

One way to satisfy the minimum contacts requirement is to show that Mr. Ramnarine committed an intentional tort directly aimed at this forum causing injury within this forum that he should have reasonably anticipated. *Calder v. Jones*, 465 U.S. 783, 790 (1984). The Plaintiffs allege that Mr. Ramnarine breached his fiduciary duty to them. The Plaintiffs assert in their Responses that "[m]uch of the harm caused to Isle of Venice was felt in the forum as those real estate losses occurred here in Florida." To be

7

sure, the Plaintiffs suffered a loss as a result of their investment in Florida real estate.  If the Plaintiffs' allegations against Mr. Ramnarine are proven such loss will form the basis of the Plaintiffs' claim for damages. However, the action against Mr. Ramnarine is based on breach of fiduciary duty.  The alleged breach resulted in harm to the Plaintiffs as entities.  The Plaintiffs were formed under the laws of the Bahamas and the British Virgin Islands and have their primary business operations outside the United States.  Any breach of fiduciary duty by Mr. Ramnarine caused harm to the Plaintiffs in their place of formation outside this forum.  The Plaintiffs' breach of fiduciary duty claim cannot be said to have been reasonably expected to cause harm to the Plaintiffs within this forum.  Consequently, the breach of fiduciary duty claim cannot support exercise of personal jurisdiction over Mr. Ramnarine under the *Calder* standard.

Another way to satisfy the minimum contacts requirement is to show that the controversy before the Court is related to or arises out of the Mr. Ramnarine's purposeful contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).
To meet this standard, the Plaintiffs must show that Mr. Ramnarine's contacts with this forum are related to the Plaintiffs' cause of action against him, that by such contacts he purposefully availed himself of the privilege of conducting activities in Florida, and that Mr. Ramnarine's contacts with Florida are such that he should reasonably have anticipated that he could be haled into court here.  *See Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir. 2010).

The breach of fiduciary duty alleged by the Plaintiffs focuses on Mr. Ramnarine's actions in pursuing the Green Island investment on behalf of the Plaintiffs.  Mr. Ramnarine, acting as an officer of both Plaintiffs, traveled to Florida multiple times to facilitate the Green Island investment.  Mr. Ramnarine's activities in Florida were an

integral part of the claimed breach and were instrumental in causing the loss complained of by the Plaintiffs. There is a close nexus binding Mr. Ramnarine's business activities in Florida and the claims brought by the Plaintiffs. By transacting business on behalf of the Plaintiffs in Florida, the very transaction at the heart of the Plaintiffs' case, Mr. Ramnarine purposely availed himself of the privilege of conducting activities here, thus invoking the benefits and protections of the laws of this forum. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). By causing the Plaintiffs to invest in a Florida entity for purposes of obtaining an interest in Florida real estate, Mr. Ramnarine purposely interjected himself in business in Florida and thus had fair warning that his activity could subject him to suit in Florida.[2] Mr. Ramnarine thus exhibited sufficient contacts with this forum to support this Court's exercise of personal jurisdiction over him.

Having found that Mr. Ramnarine exhibited minimum contacts with this forum sufficient to support personal jurisdiction, the Court must consider whether the assertion of jurisdiction would comport with concepts of fair play and substantial justice consistent with due process. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Once the standard of minimum contacts is met, exercise of personal jurisdiction is presumed fair and reasonable; it is the defendant's duty to present a compelling case to the contrary. *Id.* at 477. Factors to be considered in this respect include:

    (i) the extent of the defendant's purposeful interjection into the forum;

    (ii) the burden on the defendant of defending in the forum;

    (iii) the extent of conflict with the sovereignty of defendant's state;

---

[2] It is not relevant that Mr. Ramnarine claims to have acted in a representative capacity when visiting Florida in connection with the Green Island investment. If the Plaintiffs' allegations are proven, Mr. Ramnarine acted contrary to the interests of the Plaintiffs, in his individual capacity, and would be held personally responsible. Mr. Ramnarine gains no protection from the fact that he acted in a representative capacity in the face of allegations that his actions were not consistent with that representative capacity.

    (iv) the forum's interest in adjudicating the dispute;

    (v) the most efficient judicial resolution of the controversy;

    (vi) the importance of the forum to plaintiff's interest in convenient and effective relief; and

    (vii) the existence of an alternative forum.

*Nordberg v. Granfinanciera, S.A. (In re Chase & Sanborn Corp.)*, 835 F.2d 1341, 1345 (11th Cir. 1988), *rev'd on other grounds*, 492 U.S. 33 (1989).

    Mr. Ramnarine purposefully interjected himself into this forum when he traveled to Florida on several occasions, on behalf of the Plaintiffs, to work on the Green Island deal. The extent of this interjection was significant as there were several visits aimed at accomplishing a sizeable investment in Florida real estate.

    The burden on Mr. Ramnarine in defending the present action in this forum does not appear significant. Mr. Ramnarine travels to the United States regularly. His home in the Republic of Trinidad and Tobago is no great distance from Florida. The Court is not unmindful of "the unique burdens placed upon one who must defend oneself in a foreign legal system." *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 114 (1987). Nevertheless, Mr. Ramnarine is accustomed to conducting business in this country as well as visiting Florida for pleasure.

    The Court is not aware of any conflict of sovereignty posed by this litigation and Mr. Ramnarine does not present any. The Plaintiffs are themselves subject to oversight by foreign courts. This Court recognized each of their foreign proceedings under chapter 15. The Plaintiffs' actions appear to be in harmony with those foreign proceedings.

    At first glance, the interest of this forum in the present dispute appears tenuous. Neither the Plaintiffs nor Mr. Ramnarine are residents of the United States. The alleged breach of fiduciary duty harmed entities located outside the United States. There is no

alleged harm to persons or entities within this forum.  Yet this forum has an interest in the Plaintiffs and in their efforts to realize assets for the benefit of their pending insolvency proceedings in the Bahamas and the British Virgin Islands.  By enacting chapter 15 of the Bankruptcy Code, Congress exhibited a clear intent for the United States to participate in a coordinated manner with insolvency proceedings taking place in foreign nations.  As a result of this Court's formal recognition of foreign proceedings for each of the Plaintiffs, in light of the purposes of chapter 15 and the relief previously accorded to the Plaintiffs in their chapter 15 cases, this forum has a material interest in the action now before it.

     Based on the evidence currently before the Court, there does not appear to be a forum that would provide a more efficient judicial resolution of this controversy.  It is likely that the claim against Mr. Ramnarine could be brought in another country, including the foreign courts overseeing the insolvency proceedings for the Plaintiffs.  But there is no suggestion that such litigation would result in a more efficient resolution of the case.  The claim against Mr. Ramnarine is part of a group of claims against various defendants all arising from the same transaction, the investment by the Plaintiffs in the Green Island venture.  If the Plaintiffs are required to pursue some defendants in one forum, some in a second, and yet others in a third, the fracturing of their claims would be costly and time consuming.  On the other hand, permitting the Plaintiffs to pursue all of the defendants, including Mr. Ramnarine, in a central forum is not only more efficient from the Plaintiffs' point of view but it is consistent with a primary goal of chapter 15, the coordination of effort in multiple jurisdictions to facilitate effective resolution of insolvency proceedings.[3]

---

[3] The Court makes no ruling on whether this particular forum is the most appropriate location for the central resolution of the claims presented in these adversary proceedings.  There may be reason to believe that another forum would be more appropriate.  *See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824 (5th Cir. 1993).  The Court rules only that this is a possible forum and that the prosecution of all of the related claims, together, is consistent with the goals of chapter 15 and thus supports exercise of personal jurisdiction over Mr. Ramnarine.

Mr. Ramnarine has not shown the Court that exercise of personal jurisdiction over him fails to comport with concepts of fair play and substantial justice. This Court's exercise of personal jurisdiction over him is consistent with the requirements of due process.

### IV.     Conclusion

For the foregoing reasons, Mr. Ramnarine's Motions to Dismiss [Adv. Proc. No. 11-03118-EPK, ECF No. 95; Adv. Proc. No. 11-03117-EPK, No. 87] are DENIED.

**###**

Copies furnished to:

Brett M. Amron, Esq.

Brett M. Amron, Esq. is directed to serve a copy of this Order on all appropriate parties and to file a certificate of service with the Court.