[Tagged]



**ORDERED in the Southern District of Florida on January 18, 2013.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:

BRITISH AMERICAN INSURANCE                    Case No. 09-31881-EPK
COMPANY LIMITED,                              Case No. 09-35888-EPK
                                              Chapter 15
    Debtor in a Foreign Proceeding.          (Jointly Administered)

_____/

In re:

BRITISH AMERICAN ISLE OF VENICE              Case No. 10-21627-EPK
(BVI), LTD,                                   Chapter 15

    Debtor in a Foreign Proceeding.

_____/

BRITISH AMERICAN ISLE OF VENICE
(BVI) LTD and BRITISH AMERICAN
INSURANCE COMPANY LIMITED,

    Plaintiffs,

v.                                           Adv. Proc. No. 11-03117-EPK

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, SHIVA

RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

     Defendants.

_____/

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

     Plaintiff,

v.                                                                                    Adv. Proc. No. 11-03118-EPK

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, LAWRENCE
DUPREY, VISHNU RAMLOGAN, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

     Defendants.

_____/


## ORDER ON MOTIONS TO DISMISS

     Green Island Holdings, LLC ("GIH") and Charles Pratt ("Mr. Pratt" and, together with GIH, the "Defendants") move to dismiss Counts II, III and IV in each of two adversary complaints, one filed by both British American Isle of Venice (BVI) Limited ("Isle of Venice") and British American Insurance Company Limited ("BAICO" and, together with Isle of Venice, the "Plaintiffs") [Adv. Proc. No. 11-03117-EPK, ECF No. 1] in the chapter 15 case of Isle of Venice, and one filed by BAICO [Adv. Proc. No. 11-03118-EPK, ECF No. 1] in the jointly administered chapter 15 cases of two branches of BAICO.

### BACKGROUND

     BAICO is an insurance company organized under the laws of The Bahamas and has operated throughout the Caribbean.  Isle of Venice is a company incorporated under the laws of The British Virgin Islands and is a wholly-owned subsidiary of BAICO.  The

Plaintiffs have in common three former directors, the defendants Robert Fullerton, Brian Branker, and Ramchand Ramnarine.[1]

By order entered August 4, 2009, the Eastern Caribbean Supreme Court in the High Court of Justice Saint Vincent and the Grenadines granted a Petition for a Judicial Management Order under the Insurance Act No. 45 of 2003 of the Laws of Saint Vincent and the Grenadines and appointed Brian Glasgow as Judicial Manager for BAICO in that jurisdiction.   On March 22, 2010, pursuant to chapter 15 of the United States Bankruptcy Code[2], this Court recognized the BAICO proceeding in Saint Vincent and the Grenadines as a foreign nonmain proceeding.

By order dated October 28, 2009, the Eastern Caribbean Supreme Court in the High Court of Justice British Virgin Islands Commercial Court appointed Casey McDonald as Provisional Liquidator for Isle of Venice under the BVI Insolvency Act 2003.   The same court later appointed Russell Crumpler as the Liquidator for Isle of Venice.   On December 23, 2010, pursuant to chapter 15, this Court recognized the Isle of Venice proceeding in the British Virgin Islands as a foreign main proceeding.

After recognition of the relevant foreign proceedings by this Court, the Plaintiffs filed the above-captioned adversary proceedings.[3]   In these adversary proceedings, the Plaintiffs seek damages from several of their own former directors for alleged breaches of

---

[1] Although the complaint in Adv. Proc. No. 11-03118-EPK states that Mr. Duprey was a director of both BAICO and Isle of Venice and BAICO seeks relief against Mr. Duprey in that action, the complaint in Adv. Proc. No. 11-03117-EPK, brought by both BAICO and Isle of Venice, does not name Mr. Duprey.  Thus, Isle of Venice has not sought relief against Mr. Duprey.  It is unclear whether the Plaintiffs intended to allege that Mr. Duprey was a director only of BAICO and not also of Isle of Venice, or perhaps Mr. Duprey was a director of Isle of Venice but took part in the subject transactions only on behalf of BAICO and not on behalf of Isle of Venice.  The complaints provide no guidance on these issues.

[2] 11 U.S.C. §§ 101 *et seq.*

[3] It has been suggested elsewhere in these adversary proceedings that these actions should be pursued in the names of the foreign representatives rather than in the names of the Plaintiffs themselves.  Because the foreign representatives act solely on behalf of the Plaintiffs, the Court sees no material distinction.

fiduciary duty when such directors caused the Plaintiffs to enter into an unsuccessful real estate transaction involving the Defendants.  The Plaintiffs seek damages against the Defendants and another party for allegedly aiding and abetting such breaches of fiduciary duty.  The Plaintiffs seek an order rescinding the transaction with GIH.  And the Plaintiffs seek to avoid as fraudulent conveyances certain transfers to and obligations incurred in favor of GIH in the subject transaction.   The Defendants move to dismiss counts II, III and IV of each complaint.  These are the counts for aiding and abetting breach of fiduciary duty, rescission, and fraudulent transfer.

The Plaintiffs' core allegation is that former directors of BAICO and Isle of Venice "drove [the Plaintiffs] into highly speculative and cash-intensive real estate investments in the State of Florida which, not only were against the best interests of [the Plaintiffs], were actually fatal to their financial existence."  The Plaintiffs allege that the former directors' actions rendered the Plaintiffs insolvent and left them with unreasonably small capital.

After alleging that the director defendants caused the Plaintiffs to undertake several inappropriate investments, the Plaintiffs focus on what is referred to as the Green Island transaction.  The history of the transaction involves multiple assignments of the rights of both the seller and the purchaser through various entities, a level of complication that the Court need not review here.  In the simplest terms, the Green Island transaction involved the acquisition by BAICO, through Isle of Venice, of an interest in approximately 6,000 acres of substantially undeveloped real estate in Florida.  BAICO caused its wholly-owned subsidiary, Isle of Venice, to purchase from GIH a 100% membership interest in Green Island Ventures, LLC ("Ventures").   Ventures was the owner of the real estate, which it acquired on the same day that Isle of Venice acquired ownership of Ventures.  After closing of the Green Island transaction, Ventures owned the real estate, Isle of Venice owned Ventures, and BAICO continued to own Isle of Venice.  Thus, BAICO became the indirect

owner of the real estate.  In connection with the Green Island transaction, it is alleged that the Plaintiffs funded nearly $82 million in cash and obligated themselves on a $159 million mortgage to a prior owner of the real estate and on a purchase money note exceeding $56 million in favor of GIH.

The Plaintiffs allege that the Defendants had knowledge of the breaches of fiduciary duty by the Plaintiffs' directors and substantially assisted or encouraged such breaches. The Plaintiffs argue that their obligations to GIH under a note, a pledge and security agreement, and a related guaranty, as well as the purchase agreement pursuant to which Isle of Venice acquired Ventures, should be rescinded so as to prevent GIH from enjoying the fruits of its aiding and abetting.  Finally, the Plaintiffs argue that the cash paid to GIH and the obligations incurred by the Plaintiffs to GIH should be avoided as fraudulent transfers.

### MOTIONS TO DISMISS AND LEGAL STANDARD

The Defendants argue that the Plaintiffs fail to state a claim for aiding and abetting breach of fiduciary duty, both because the complaints do not sufficiently spell out the necessary claim for breach of fiduciary duty against the Plaintiffs' former directors, and also because the complaints include only cursory allegations that the Defendants had knowledge of and assisted in such breach.  The Defendants argue that rescission is not an available remedy because the Plaintiffs do not sufficiently allege a basis for rescission, the Plaintiffs are unable to return the Defendants to their status prior to the transaction, the Plaintiffs did not timely provide the Defendants notice of their intent to rescind the subject contracts, and the Plaintiffs ratified the transaction and thus waived any right to rescind. With regard to the fraudulent transfer claim, the Defendants object to the Plaintiffs including in a single count of each complaint requests for relief under two alternative provisions of the Florida statutes, and argue that the allegations supporting the claim are

inappropriately conclusory. The Defendants misconstrue one component of the fraudulent transfer claim, interpreting it as a claim based on actual intent to defraud when the text of the complaints show otherwise, and request that such count be dismissed because no actual intent to defraud is alleged in the complaints. The Defendants suggest that because BAICO approved the subject transaction it cannot be the creditor whose existence forms the basis of the fraudulent transfer claim, that BAICO is thus estopped from asserting its claim in count IV of each complaint. Finally, the Defendants argue that certain rulings of the United States District Court for the Southern District of Florida in other litigation have *res judicata* effect in these actions, preventing both Plaintiffs from pursuing the claims in counts II, III, and IV.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must determine, based on "judicial experience and common sense," whether the well-plead facts in the complaints present plausible claims for relief. *Ashcroft*, 129 S. Ct. at 1950. In making this determination, the Court must accept as true all factual allegations in the complaints. *Id.* at 1949. Motions to dismiss are not favored and are rarely granted. *See, e.g., Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).

**CLAIM PRECLUSION**

The Defendants argue that orders entered by the United States District Court for the Southern District of Florida, in separate litigation between Isle of Venice and GIH, preclude both Plaintiffs from pursuing relief under counts II, III, and IV in each of these adversary proceedings. As discussed more fully below, the rescission claim of Isle of Venice

6

against GIH, set out in count III of the complaint in Adv. Proc. No. 11-3117-EPK, is barred as a result of orders entered in the District Court. The relief sought by Isle of Venice in count II of the same complaint is not precluded here as such relief is not sufficiently similar to that pursued in the District Court. Because BAICO was not a party to the District Court action and was not in privity with Isle of Venice for purposes of that action, BAICO is not bound by orders entered in the District Court case, and no claim brought by BAICO here is subject to preclusion as a result of orders entered by the District Court. Specifically, prior orders of the District Court have no impact on BAICO's claims presented in count IV of the complaint in Adv. Proc. No. 11-03117-EPK or BAICO's claims presented in counts II, III, or IV of the complaint in Adv. Proc. No. 11-03118-EPK.

In connection with the acquisition of Ventures, Isle of Venice incurred obligations in favor of GIH evidenced by a promissory note and such obligations were secured by a collateral assignment of Isle of Venice's membership interest in Ventures. When Isle of Venice defaulted on the promissory note, GIH filed suit in the United States District Court for the Southern District of Florida, *Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd., et al.*, Case No. 09-80207-CIV-MARRA/JOHNSON (the "District Court Case"). In the District Court Case, GIH sought damages from Isle of Venice for breach of the promissory note (count I), an order directing foreclosure of its security interest in the equity ownership of Ventures and determining any deficiency of amounts due GIH (count II), and damages from BAICO for breach of BAICO's guaranty of the obligations of Isle of Venice (count III). The claim against BAICO was dismissed for improper venue.[4]

On September 9, 2010, after BAICO was dismissed from the District Court Case, the District Court entered an *Agreed Summary Judgment of Foreclosure* (the "Agreed Summary

---

[4] GIH then filed an action against BAICO in state court in Osceola County, Florida, which action was stayed by order of this Court in BAICO's chapter 15 case.

Judgment"), granting summary judgment in favor of GIH on count II on an *in rem* basis.  In the Agreed Summary Judgment, the District Court granted to GIH the right to foreclose on the 100% membership interest in Ventures then held by Isle of Venice.  The District Court specifically found that "GIH has a superior right to ownership and possession of the 100% Membership Interest in Green Island Ventures, LLC . . . against [Isle of Venice] and all others who have or may claim a right to the Membership Interest."  The District Court stated that Isle of Venice "has no objections to GIH taking ownership and possession of the Membership Interest" and the order specifically vests the Membership Interest in GIH.[5]

On January 14, 2011, Isle of Venice filed a motion for leave to file amended affirmative defenses, a third party claim against former members of the board of directors of Isle of Venice, and a counterclaim against GIH.[6]  Among other things, Isle of Venice sought permission to argue that GIH was barred from recovering against Isle of Venice, and should be held liable to Isle of Venice, because GIH had aided and abetted breaches of fiduciary duty by members of the board of Isle of Venice, the same claims brought in counts I and II of the complaints before this Court.  Isle of Venice also sought permission to argue that the note in favor of GIH should be rescinded because GIH had aided and abetted breaches of fiduciary duty by members of the board of Isle of Venice, the same claim brought in count III of the complaint in Adv. Proc. No. 11-03117-EPK.  The District Court denied Isle of Venice's motion, finding that the request was untimely and prejudicial.

---

[5] The Agreed Summary Judgment states that the "parties retain all rights and defenses with respect to any issue or matter not specifically resolved hereby."  Because the District Court later granted GIH judgment on the promissory note (see below), this provision in the Agreed Summary Judgment has no bearing on the Court's ruling here.

[6] In April 2010, Isle of Venice, through its liquidator, filed a chapter 15 petition with this Court. When this Court recognized the foreign proceeding of Isle of Venice as a foreign main proceeding, on December 23, 2010, the automatic stay under section 362 took effect pursuant to section 1520(a)(1). On January 10, 2011, this Court granted relief from the stay for the parties in the District Court Case to proceed to judgment on the remainder of the relief therein.  The District Court then reopened the District Court Case.

On August 31, 2011, the District Court entered judgment in favor of GIH (the "Note Judgment"), finding Isle of Venice liable under the promissory note and awarding damages.

The Defendants argue that, in light of the Agreed Summary Judgment and the Note Judgment, the Plaintiffs are precluded from pursuing any relief against the Defendants in counts II, III, and IV of the present complaints.  The Defendants argue that the orders of the District Court constitute prior orders ruling that the promissory note given by Isle of Venice to GIH, and the related security interest in the membership interest in Ventures, were valid and enforceable.  The Defendants argue that both BAICO and Isle of Venice are bound by such orders and cannot pursue inconsistent relief here, be it in the form of rescission of the sale transaction and related agreements, avoidance of the primary components of the transaction as fraudulent transfers, or pursuit of claims for aiding and abetting breach of fiduciary duty.

"Under res judicata, also known as claim preclusion[7], a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1296 (11th Cir. 2001).  "In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.*  "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Id.*  "At all

---

[7] Claim preclusion and issue preclusion are collectively referred to as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  The Defendants appear to be arguing that claim preclusion applies in this case and so that is the focus of the Court's analysis.

times the burden is on the party asserting res judicata . . . to show that the later-filed suit is barred." *Id.*

When considering whether current and prior cases involve the same causes of action, "[t]he bar extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984) (citation omitted). "In the Eleventh Circuit, the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999) (citation omitted). "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1551 (11th Cir. 1990). Just what factual grouping constitutes a "transaction" or what factual groupings constitute a "series," are "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Ragsdale*, 193 F.3d at 1239 n.8 (11th Cir. 1999) (quoting Restatement (Second) of Judgments § 24(2) (1980)).

Similarly, it is generally accepted that a party who fails to pursue a compulsory counterclaim in a prior action will be precluded from pursuing such claim at a later time. *See Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998 (10th Cir. 1993); *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453 (11th Cir. 1985). Rule 13 of the

Federal Rules of Civil Procedure addresses compulsory counterclaims.  It states, in relevant part:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).  There are certain exceptions, which neither party argues apply here.  To determine whether a counterclaim is compulsory, the Court applies the "logical relationship" test. *Republic Health Corp.*, 755 F.2d at 1455.  "Under this test, there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Id.* (citation omitted).

The Agreed Summary Judgment and Note Judgment are not attached to either complaint filed in these adversary proceedings.  Typically, when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).  However, documents from prior cases involving the same parties are public records "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned" and courts may consider such documents without converting a motion to dismiss into a motion for summary judgment. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam).  The parties do not dispute that the District Court entered the Agreed Summary Judgment and the Note Judgment.  The Court considers them here.

11

There is no question that the District Court is a court of competent jurisdiction. Also, both the Agreed Summary Judgment and the Note Judgment are final judgments on the merits. The first two components of claim preclusion are met for both Isle of Venice and BAICO.

At the time the District Court entered the Agreed Summary Judgment and the Note Judgment, Isle of Venice was a defendant to the action. GIH was the plaintiff in the District Court Case and is a defendant here. The third component of claim preclusion is met as to claims brought by Isle of Venice against GIH. The same cannot be said with regard to the aiding and abetting claim brought by Isle of Venice against Mr. Pratt. Mr. Pratt was never a party to the District Court Case, nor is there any argument that he should otherwise be bound by the Agreed Summary Judgment or the Note Judgment. And so the District Court orders can have no impact on claims brought here against Mr. Pratt. This conclusion does not affect the Court's overall claim preclusion analysis, as the Court determines below that neither the Agreed Summary Judgment nor the Note Judgment preclude the pursuit of aiding and abetting claims here.

Whether BAICO is bound by the Agreed Summary Judgment or the Note Judgment is another matter. When the relevant orders were entered by the District Court, BAICO was no longer a party. The question is whether BAICO was in privity with Isle of Venice for purposes of the District Court Case to the extent that BAICO may nonetheless be estopped from pursuing claims that were or could have been brought in that action.

Generally, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). There are recognized exceptions: (1) "[a] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms

of his agreement"; (2) "nonparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment"; (3) "'in certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit"; (4) "a nonparty is bound by a judgment if she 'assume[d] control' over the litigation in which that judgment was rendered"; (5) "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy"; and (6) "in certain circumstances a special statutory scheme may 'expressly foreclose[e] successive litigation by nonlitigants . . . if the scheme is otherwise consistent with due process." *Id.* at 893-95 (citations omitted).[8]

The Defendants argue that BAICO was "virtually represented"[9] by Isle of Venice in the District Court Case. The Defendants point to the relationship between BAICO and Isle of Venice, noting that Isle of Venice is a wholly owned subsidiary of BAICO, that BAICO controlled Isle of Venice as a corporate matter, that BAICO was the source of funding for Isle of Venice's investment in Ventures, and that BAICO guaranteed the obligations of Isle of Venice to GIH. The Defendants appear to argue that BAICO should be bound by the District Court orders because it was adequately represented by Isle of Venice, which had identical interests to BAICO in the suit, and because BAICO indirectly assumed control over the litigation in spite of its being formally dismissed from the action.

---

[8] The *Taylor* court noted that the "established grounds for nonparty preclusion could be organized differently" and that the foregoing list provided "a framework for [the court's] consideration of virtual representation" but was not intended to "establish a definitive taxonomy." *Taylor*, 553 U.S. at 893 n.6. The established grounds, as listed in the *Taylor* decision, are also useful for this Court's analysis.

[9] In *Taylor*, the Supreme Court disapproved use of an expansive doctrine of "virtual representation" in favor of the framework set out above in this decision. *Taylor*, 553 U.S. at 904. Thus, while the phrase "virtual representation" is no longer appropriate, nonparty preclusion may still apply if the movant shows that the case satisfies the analysis set out in Taylor. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010).

To establish adequate representation, the Defendants must show that (1) the interests of BAICO and Isle of Venice are aligned and (2) either Isle of Venice understood itself to be acting in a representative capacity or the District Court took care to protect the interests of BAICO. *See Taylor*, 553 U.S. at 900. For parties to be aligned so as to establish adequate representation, the "inquiry focuses on whether there is a desire for the same outcome and whether the same legal theories in pursuit of that outcome are available." *Baloco v. Drummond Co.*, Case No. 09-CV-00557, 2012 WL 4009432 (N.D. Ala. Sept. 12, 2012) (citing 7A Charles Alan Wright et al., Federal Practice and Procedure § 1769 (3d ed. 2005) and Martin H. Redish & William J. Katt, *Taylor v. Sturgell, Procedural Due Process, and the Day–In–Court Ideal: Resolving the Virtual Representation Dilemma,* 84 Notre Dame L. Rev. 1877 (2009)). Adequate representation sometimes requires notice of the original suit to the persons alleged to have been represented. *Taylor*, 553 U.S. at 900. It is undisputed that BAICO, originally a named defendant in the District Court Case and later dismissed from that action, had notice of the District Court Case.

Here, BAICO was the guarantor and Isle of Venice the primary obligor on the transaction that was the subject of the District Court Case. BAICO and Isle of Venice desired the same outcome in the District Court Case and had the same legal theories available to pursue that outcome. Thus, BAICO and Isle of Venice were aligned for purposes of establishing adequate representation. However, it is not apparent from the record before the Court that Isle of Venice understood itself to be defending both itself and BAICO or that the District Court took care to protect the interests of BAICO in the District Court Action. Therefore, the Court cannot find that BAICO was adequately represented by Isle of Venice in the District Court Action. The theory of adequate representation does not form a basis for holding BAICO bound by the Agreed Summary Judgment or the Note Judgment.

Nonparty preclusion may also be found where a nonparty "assume[d] control" over the litigation in which a prior judgment was rendered *Taylor*, 553 U.S. at 895 (citing *Montana v. United States*, 440 U.S. 147, 154 (1979)).  The Defendants argue that Isle of Venice is a wholly-owned subsidiary of BAICO and that "it is evident from the allegations in the Complain[t] that BAICO has always controlled [Isle of Venice]."  Based on the allegations in the complaints, it is obvious that BAICO controlled Isle of Venice as a corporate matter.  BAICO apparently used Isle of Venice to acquire Ventures, in order to indirectly invest in real estate in Florida.  But Isle of Venice is a separate legal entity. While BAICO and Isle of Venice shared some board members at the relevant times, they had separate boards of directors with independent fiduciary duties.  Importantly, the standard here is not whether BAICO ultimately controlled Isle of Venice as a corporate matter, but whether BAICO controlled the litigation in the District Court Case.  There is nothing in the record here to support a finding that BAICO controlled the District Court Case.  Indeed, BAICO specifically moved for and obtained dismissal of itself from the District Court Case.

In light of the foregoing, BAICO is not bound by the Agreed Summary Judgment or the Note Judgment.  Neither order precludes BAICO from pursuing claims in these cases. Since BAICO is not bound by the orders of the District Court, it is not necessary to consider now whether the claims brought by BAICO here are sufficiently similar to those pursued in the District Court Case.

Because Isle of Venice is bound by the District Court orders, the Court must consider whether the relief Isle of Venice seeks here is sufficiently similar to that addressed in the District Court Case such that Isle of Venice will be precluded from pursuing some or all of its present claims.

Isle of Venice seeks relief against GIH in the form of rescission of the sale transaction, including the promissory note and pledge and security agreement executed by Isle of Venice in favor of GIH.   In the Note Judgment, consistent with the underlying complaint, the District Court enforced the promissory note against Isle of Venice, directing payment to GIH.   In the Agreed Summary Judgment the District Court ruled that GIH's security interest in its collateral, a 100% membership interest in Venture, was valid and enforceable, ruling that GIH held an interest superior to any party.   In the present action Isle of Venice seeks to rescind the very promissory note and pledge and security agreement that were the bases for the District Court's Agreed Summary Judgment and Note Judgment.   Isle of Venice's rescission claim here and the claims pursued in the District Court Case both have at their core the enforceability of the promissory note and collateral assignment given by Isle of Venice to GIH.   The claims arise out of the same transaction. They share an operative nucleus of facts.   The rescission claim here does not simply bear a "logical relationship" to GIH's claims before the District Court – these claims are the mirror image of one another.   Indeed, the rescission claim brought by Isle of Venice here was a compulsory counterclaim in the District Court Case, and Isle of Venice did not timely pursue it there in spite of ample opportunity.[10]

Because the District Court Case and Isle of Venice's rescission claim against GIH here involve the same aggregate core of facts, and all other components of claim preclusion are met, Isle of Venice is barred from pursuing count III (rescission) in Adv. Proc. No. 11-03117.  *See Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972) ("Even

---

[10] Isle of Venice sought to amend its pleadings in the District Court Case to add affirmative defenses and counterclaims against GIH based on aiding and abetting breach of fiduciary duty and rescission, identical to the claims brought here.   In the motion to amend its pleadings, Isle of Venice stated that the proposed counterclaims "arise out of the same transaction and occurrence as the promissory note that is the subject of GIH's claim."   That the District Court denied Isle of Venice's request for leave to file amended affirmative defenses and counterclaims as untimely and prejudicial does not alter the result in these proceedings.  *See Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984).

though an action has an independent purpose and contemplates some other relief, it is a collateral attack if it must in some fashion overrule a previous judgment").

By contrast, Isle of Venice's aiding and abetting claims here do not arise from the same aggregate core of facts as any claim presented in the District Court Case.  Isle of Venice's aiding and abetting claims extend far beyond whether Isle of Venice is liable to GIH on a promissory note or whether GIH had a valid and superior lien on the equity in Ventures.  The aiding and abetting claims presented here will require the trier of fact to consider the extent of the Defendants' knowledge with respect to the alleged actions of Isle of Venice's former directors, and whether the Defendants substantially assisted or encouraged a breach of fiduciary duty by the former directors.  While Isle of Venice's purchase of Ventures from GIH is one of the alleged actions underlying the aiding and abetting claim, the aiding and abetting claims do not implicate Isle of Venice's obligations under the note or the related collateral assignment, the focus of the District Court Case. The claims presented in the District Court Case and the aiding abetting claims here lack the logical relationship required to implement claim preclusion.  The Agreed Summary Judgment and Note Judgment present no bar to Isle of Venice's aiding and abetting claims here.

### FAILURE TO STATE A CLAIM

The Defendants argue that each Plaintiff has failed to state a cause of action against the Defendants for aiding and abetting breach of fiduciary duty, that each Plaintiff has failed to state a cause of action for rescission against GIH, and that BAICO has failed to state a cause of action against GIH for fraudulent transfer.

### Aiding and Abetting Breach of Fiduciary Duty

To establish a claim for aiding and abetting a breach of fiduciary duty, "a plaintiff must allege: (1) an underlying violation on the part of the primary wrongdoer; (2)

17

knowledge of the underlying violation by the alleged aider and abetter; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012) (citations omitted).[11]

The Defendants argue that the complaints fail to allege an underlying breach of fiduciary duty by the former directors of BAICO and Isle of Venice.  Specifically, the Defendants argue that the complaints, on their face, evidence that the subject transaction is protected by the business judgment rule.

It is not appropriate to address the business judgment rule in connection with a motion to dismiss.  *FDIC v. Stahl*, 840 F. Supp. 124, 128 (S.D. Fla. 1993) ("The application of the business judgment rule for purposes of a motion to dismiss is questionable."). Whether the former director defendants acted consistent with the business judgment rule is a question of fact that should be left to a later stage of these adversary proceedings.  *FDIC v. Musacchio*, 695 F. Supp. 1053, 1064 (N.D. Cal. 1988) (business judgment rule a question of fact, wholly inappropriate for consideration on a motion to dismiss).

On the other hand, the complaints fail to sufficiently allege that GIH and Mr. Pratt had knowledge that the former directors of Isle of Venice and BAICO were violating their fiduciary duty or that GIH or Mr. Pratt rendered substantial assistance to such directors in committing the wrongdoing.  In their responses, the Plaintiffs point to formulaic allegations in the complaints that the "negotiations between Mr. Pratt and the Former Directors were not arms-length", that GIH and Mr. Pratt "had knowledge of the breach of the fiduciary duties by the Former Directors", and that they "substantially assisted or encouraged the breach of fiduciary duties by the Former Directors".  Most of the text in the complaints is

---

[11] Both parties assume Florida law applies to the aiding and abetting breach of fiduciary duty claims. This does not appear to be in error, and so the Court applies Florida law.

aimed at the former directors, describing the transaction in detail and explaining how they allegedly failed to live up to their fiduciary duties to Isle of Venice and BAICO. Little of the complaints addresses Mr. Pratt and even less text is devoted to GIH. There is nothing in the complaints that might lead one to believe that Mr. Pratt or GIH had any knowledge whatsoever regarding the financial status of either Plaintiff, what the Plaintiffs considered in entering into the transaction, or even the identity of the Plaintiffs' full boards of directors. The bald allegation that Mr. Pratt and GIH knew that the boards of directors of Isle of Venice and BAICO were breaching their fiduciary duties is unsupported by any specific factual allegation. Likewise, there is no factual detail in either complaint to support the argument that either Mr. Pratt or GIH assisted substantially in any such breach of fiduciary duty. The act of causing GIH to sell its interest in Ventures, alone, does not amount to such assistance. If it was, any party to a transaction with an entity whose board had violated its fiduciary duty would be at risk of suit. To the contrary, the allegations that Mr. Pratt misled the boards of BAICO and Isle of Venice, themselves thinly presented, are not consistent with aiding and abetting breach of fiduciary duty. One does not typically assist another by misleading him. On these central issues, the bare allegations in the complaints are not sufficiently fleshed out to meet the current requirements for pleading in a federal court complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Consequently, count II of each complaint, as against Mr. Pratt and GIH, will be dismissed with leave to amend.

**Rescission**

As discussed above, because Isle of Venice is bound by the Agreed Summary Judgment and the Note Judgment, which have preclusive effect here, Isle of Venice may not now seek rescission of its promissory note or the related pledge and security agreement. GIH also moved to dismiss BAICO's rescission claim against GIH.

19

"The fundamental requirements necessary to state a cause of action for rescission of contract are: (1) the character or relationship of the parties; (2) the making of a contract; (3) the existence of fraud, mutual mistake, false representation, impossibility of performance, or other ground for rescission or cancellation; (4) the party seeking rescission had rescinded the contract and notified the other party to the contract of such rescission; (5) the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible; and (6) the moving party has no adequate remedy at law." *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1206 (M.D. Fla. 2002) (citation omitted) (sic).

There is no dispute that BAICO and GIH are in privity of contract, BAICO having executed a guaranty of the obligations of Isle of Venice in connection with the acquisition of Ventures. The first two components of the rescission claim are thus addressed in BAICO's complaint.

In its complaint, BAICO alleges that GIH induced BAICO to enter into an inequitable transaction resulting in GIH obtaining a profit of $75 million at the expense of BAICO. This satisfies the third component of the rescission claim.

The party seeking rescission, here BAICO, must give timely notice of its intent to rescind to the other party, here GIH. One who unreasonably or unnecessarily delays seeking rescission of a contract may be "denied relief in equity on the ground that such delay is tantamount to a waiver of his objections to the transaction." *Benn v. Key W. Propane Gas Corp.*, 72 So. 2d 910, 912 (Fla. 1954).

BAICO waived its right to seek rescission of the purchase transaction as against GIH. First, the complaint in this action appears to be the first notice by BAICO to GIH of BAICO's intent to rescind the purchase transaction. BAICO's complaint was filed approximately four years after the closing of the transaction. Although BAICO was not a

party to the District Court Case, it certainly knew of that case and GIH's claims pursued there. It is apparent from the complaint here that BAICO had ample notice that the Green Island transaction was not a success. Yet BAICO took no action to rescind the transaction until all potential value in the underlying real property was lost. This is an unreasonable delay under the circumstances of this case.

Indeed, according to BAICO's own allegations in the complaint, BAICO knew prior to the closing on the purchase transaction that the value of the subject real property was potentially much lower than was allegedly represented to it. Yet BAICO failed to rescind or cause Isle of Venice to rescind its agreements, then attempting to recover their deposits. On the contrary, by its own admission, BAICO caused Isle of Venice to close on the transaction and obligated itself on substantial related financial obligations. By doing so, BAICO waived any claim it may have had based on the prior alleged misrepresentation of GIH. *Merovich v. Huzenman*, 911 So. 2d 125, 127 (Fla. 3d DCA 2005); *see also Benn v. Key W. Propane Gas Corp.*, 72 So.2d 910, 913 (Fla. 1954) (confirming that execution of a contract with knowledge that an initial agreement was fraudulently procured "was a waiver of any claim based on the previous fraud"); *Harpold v. Stock*, 65 So. 2d 477, 478 (Fla. 1953) (same).

It is a condition precedent to rescission that the other party be returned to its *status quo ante. Great Harbour Cay Realty & Inv. Co. v. Carnes*, 862 So. 2d 63, 68 (Fla. 4th DCA 2003). "Generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status." *Id.* An exception to the general rule exists where the inability of one party to restore is caused by the very fraud perpetrated by the other party. *Id.*

In the Green Island transaction, Isle of Venice purchased from GIH the 100% membership interest in Ventures. As a result, Isle of Venice, and thus BAICO, indirectly

acquired a substantial parcel of real estate in Florida.  The Florida real estate was the true goal of the transaction.  The real estate, however, was later the subject of foreclosure by a mortgage lender.  Control over the real estate is now beyond the power of the parties to these proceedings and cannot be restored to GIH.[12]

BAICO argues that it is GIH's wrongful conduct that prevents BAICO from being able to make a full and complete restoration to GIH, and so rescission is appropriate even if GIH cannot be returned to its status prior to the transaction.  BAICO also argues that even if the property cannot be restored to GIH, rescission can still be effectuated by the Court balancing the equities involved in the transaction.

Even if GIH misrepresented the value of the real estate, as alleged by BAICO in the complaint,[13] the complaint provides no connection between the alleged over-valuation of the real estate and Isle of Venice's inability to service its debts, thus resulting in loss of the real estate in foreclosure.  That is, there is nothing in the complaint to tie GIH's alleged wrongdoing with BAICO's inability to return the real estate to GIH.[14]  Because GIH did not cause BAICO's inability to restore GIH to the status quo, BAICO is required to show how GIH can in fact be restored to that status.

---

[12] The Plaintiffs argue that the equity interest in Ventures could be returned to GIH.  But this is like offering to return an empty bottle of 30-year old Macallan.  The container is a poor substitute for the thing itself.

[13] This is in fact only barely addressed in the complaint.  Most of the allegations of bad acts are aimed at Mr. Ramberran.

[14] It is of course theoretically possible that Isle of Venice was rendered insolvent as a result of the purchase transaction, in light of a reduced value of the real property as alleged in the complaint, and that such insolvency placed Isle of Venice in the position that it was unable to raise necessary capital or obtain required approvals to move forward with development of the property, and this put Isle of Venice in the position that it could not service its debt.  On the other hand, the solvency of an entity on a balance sheet basis does not necessarily mean that the entity is unable to pay its debts as they come due.  Importantly, from the complaint here, one can find no causal relationship between the alleged misrepresentation of the value of the real estate by GIH, or even the resulting insolvency of Isle of Venice, and the loss of the property to foreclosure.  To put it more plainly, it is not GIH's fault that the real property cannot be restored to it.

There is case law supporting the proposition that when complete unraveling of a transaction is not possible, but partial relief can be accorded and the court can otherwise weigh the equities and address these with alternative relief, then rescission is still available. *See, e.g., Bland v. Freightliner*, 206 F. Supp. 2d at 1208-09; *Braman Dodge, Inc. v. Smith*, 515 So. 2d 1053 (Fla. 3d DCA 1987); *Mar-Char Enters., Inc. v. Charlie's The Lakes Rest., Inc.*, 451 So. 2d 930 (Fla. 3d DCA 1984). Some decisions limit this balancing of equities remedy to matters where rescission is based upon mutual mistake. *Bass v. Farish*, 616 So. 2d 1146, 1147 (Fla. 4th DCA 1993); *Bush v. Palm Beach Imports, Inc.*, 610 So. 2d 68, 69 (Fla. 4th DCA 1992). The instant proceeding involves claims of misrepresentation and thus the balancing of equities remedy may not be available. To the extent reported decisions permit the balancing of equities remedy, such cases typically involve facts where the plaintiff has an ability to return the subject property in a depreciated or defective state, and the court can address any shortfall with partial monetary relief. *See, e.g., Bland,* 206 F. Supp. 2d at 1208-09; *Braman Dodge, Inc.*, 515 So. 2d 1053 (Fla. 3d DCA 1987). In the present case, the real property that was the subject of the transaction is now held by an unrelated third party. It cannot be restored to GIH in any manner. Even if the balancing of the equities approach is applicable here, it is not appropriate to order rescission when the subject of the original transaction cannot be restored to the other party in any condition.

In the complaint BAICO alleges that it lacks an adequate remedy at law. This statement is not supported by any analysis. In light of the fact that BAICO here presents other claims at law, including a request that the transfers at the center of the transaction be avoided as fraudulent transfers, this statement is false. Indeed, because the real property in question is now owned by a person not a party to this action it appears that BAICO's only avenues for relief are actions at law.

Lastly, the Defendants argue that BAICO ratified the agreements at issue such that BAICO is not entitled to rescission. Ratification is a defense. It requires the Court to consider facts not evident from the face of the complaint, and is thus not appropriately considered at the motion to dismiss stage.

Because BAICO did not provide timely notice of its intent to rescind the transaction, because BAICO waived the right to rescind the transaction, and because BAICO is unable to return GIH to the status quo if rescission were ordered, the remedy of rescission is not available in this case.[15] Count III of the complaint in Adv. Proc. No. 11-03118-EPK will be dismissed with prejudice.

**Fraudulent Transfer**

The Defendants argue that the Plaintiffs fail to state a claim for fraudulent transfer pursuant to Fla. Stat. §§ 726.105 or 726.106.

Section 726.105 provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Section 726.106(1) provides:

---

[15] Each of these reasons is an independent basis for the Court's ruling.

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

The Defendants argue that §§ 726.105 and 726.106 require different proof and that each should be asserted in its own count. So long as count IV of each complaint sets forth factual allegations sufficient to support relief under both § 726.105 and § 726.106, it is not fatal that these closely related theories were combined in a single count.

The Defendants argue that § 726.105 requires BAICO to plead that the transfer in question was conducted with actual intent to hinder, delay, or defraud a creditor. Section 726.105(1) has two subsections. Subsection (a) addresses actual fraud claims. Subsection (b) addresses constructive fraud. While BAICO does not explicitly state in the complaints whether it intended to present a claim under subsection (1) or (2), in its response BAICO states that its claim is brought under § 726.105(1)(b)(1). This is consistent with the allegations stated in the complaints. Thus, there was no need for BAICO to allege facts supporting actual fraud.

The Defendants further argue that BAICO's allegations that BAICO was a creditor of Isle of Venice at the time of the closing of the subject transaction, that Isle of Venice did not receive reasonably equivalent value for its purchase of Ventures from GIH, that Isle of Venice was engaged or was about to engage in a business or a transaction for which the remaining assets of Isle of Venice were unreasonably small in relation to the business or transaction, and that Isle of Venice became insolvent as a result of the subject transaction, are conclusory and do not satisfy the pleading standard outlined in *Iqbal* and *Twombly*. Count IV of each complaint incorporates all of the factual allegations set out above in the

complaints.  Read as a whole, each complaint alleges sufficient detail regarding these issues to survive a motion to dismiss.

Finally, the Defendants argue that BAICO directed and approved the subject transaction and that BAICO is therefore estopped from asserting that the resulting transfers and obligations incurred by Isle of Venice constitute fraudulent transfers.  This argument is presented in two sentences without citation to law.

This argument is at first appealing.  According to BAICO's own complaints, it caused Isle of Venice to enter into the transactions it now challenges as fraudulent transfers.  BAICO formally obligated itself on various related financial instruments.  It seems inequitable for BAICO to now attempt to recover on the very transaction it initiated.[16]

It is true that a complaint is subject to dismissal when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).  Estoppel can be a defense to a fraudulent transfer action under Florida law.  Fla. Stat. § 726.111.  But GIH presents no argument that could support a formal estoppel under applicable law.  See *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So. 2d 1098, 1103 (Fla. 5th DCA 2006) (addressing the elements of estoppel).

Without any detailed presentation by GIH, the Court will not attempt to guess what other argument could be made on this theory.  The Court rules only on the arguments actually presented.  Count IV of each complaint will proceed as plead.

---

[16] On the other hand, BAICO argues that its board of directors, in approving the transaction, breached their fiduciary duty to the corporate entity.

**CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that:

1.      Count II of the complaint in Adv. Proc. No. 11-03117-EPK is dismissed as against Mr. Pratt and GIH with leave to amend such count not later than 21 days after entry of this Order.

2.      Count III of the complaint in Adv. Proc. No. 11-03117-EPK is dismissed with prejudice.

3.      Except as provided above, *Defendants' Green Island Holdings, LLC's and Charles Pratt's Motion to Dismiss the Adversary Complaint* [Adv. Proc. No. 11-03117-EPK, ECF No. 145] is DENIED.

4.      Count II of the complaint in Adv. Proc. No. 11-03118-EPK is dismissed as against Mr. Pratt and GIH with leave to amend such count not later than 21 days after entry of this Order.

5.      Count III of the complaint in Adv. Proc. No. 11-03118-EPK is dismissed with prejudice.

6.      Except as provided above, *Defendants' Green Island Holdings, LLC's and Charles Pratt's Motion to Dismiss the Adversary Complaint* [Adv. Proc. No. 11-03118-EPK, ECF No. 175] is DENIED.

# # #

Copies furnished to:

Howard D. DuBosar, Esq.

*Howard D. DuBosar, Esq. is directed to serve a conformed copy of this order on all appropriate parties and to file a certificate of service.*