[Tagged]



**ORDERED in the Southern District of Florida on March 3, 2014.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In re:

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

      Debtor in a Foreign Proceeding.

_____/

Case No. 09-31881-EPK
Case No. 09-35888-EPK
Chapter 15
(Jointly Administered)

In re:

BRITISH AMERICAN ISLE OF VENICE
(BVI), LTD,

      Debtor in a Foreign Proceeding.

_____/

Case No. 10-21627-EPK
Chapter 15

BRITISH AMERICAN ISLE OF VENICE
(BVI) LTD and BRITISH AMERICAN
INSURANCE COMPANY LIMITED,

      Plaintiffs,

v.

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, SHIVA
RAMBERRAN, GREEN ISLAND

Adv. Proc. No. 11-03117-EPK

HOLDINGS, LLC, CHARLES PRATT,
VOYAGER DEVELOPMENT, LLC, and
PETER KRIEGER,

      Defendants.

_____/

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

      Plaintiff,

v.                                        Adv. Proc. No. 11-03118-EPK

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, LAWRENCE
DUPREY, SHIVA RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, CHARLES PRATT, VOYAGER
DEVELOPMENT, LLC, and PETER KRIEGER,

      Defendants.

_____/

## **PROPOSED CONCLUSIONS OF LAW ON MOTIONS TO DISMISS**

      Green Island Holdings, LLC ("GIH"), Charles Pratt ("Mr. Pratt"), Peter Krieger ("Mr. Krieger"), and Voyager Development, LLC ("Voyager" and, together with GIH, Mr. Pratt, and Mr. Krieger, the "Defendants") move to dismiss (a) Counts III, IV and V of the amended complaint [ECF No. 225] in adversary proceeding 11-03117-EPK, filed by both British American Isle of Venice (BVI) Limited ("Isle of Venice") and British American Insurance Company Limited ("BAICO" and, together with Isle of Venice, the "Plaintiffs") in the chapter 15 case of Isle of Venice, and (b) Counts II, III, and IV of the amended complaint [ECF No. 310] filed by BAICO in adversary proceeding 11-03118-EPK in the jointly administered chapter 15 cases of two branches of BAICO.

      For purposes of the two pending motions to dismiss [ECF No. 268, Adv. Proc. No. 11-03117-EPK; ECF No. 354, Adv. Proc. No. 11-03118-EPK] (the "Motions"), the allegations

made in the amended complaints are largely identical and so the Court addresses both Motions in this single Proposed Conclusions of Law. Count III of adversary proceeding 11-03117 and Count II of adversary proceeding 11-03118 allege fraudulent transfer actions against GIH. Count IV of adversary proceeding 11-03117 and Count III of adversary proceeding 11-03118 allege claims based in fraud against Mr. Krieger. Count V of adversary proceeding 11-03117 and Count IV of adversary proceeding 11-03118 allege claims based in aiding and abetting fraud against Mr. Pratt, Voyager, and non-movant Shiva Ramberran. For the reasons that follow, the Court proposes to deny the motion to dismiss the fraudulent transfer actions, dismiss with prejudice the fraud claims against Mr. Krieger, and dismiss with prejudice the claims based in aiding and abetting fraud as against all defendants.

**BACKGROUND**

BAICO is an insurance company organized under the laws of The Bahamas and has operated throughout the Caribbean. Isle of Venice is a company incorporated under the laws of The British Virgin Islands and is a wholly-owned subsidiary of BAICO. The Plaintiffs have in common three former directors, the defendants Robert Fullerton, Brian Branker, and Ramchand Ramnarine.

By order entered August 4, 2009, the Eastern Caribbean Supreme Court in the High Court of Justice Saint Vincent and the Grenadines granted a Petition for a Judicial Management Order under the Insurance Act No. 45 of 2003 of the Laws of Saint Vincent and the Grenadines and appointed Brian Glasgow as Judicial Manager for BAICO in that jurisdiction. On March 22, 2010, pursuant to chapter 15 of the United States Bankruptcy

Code[1], this Court recognized the BAICO proceeding in Saint Vincent and the Grenadines as a foreign nonmain proceeding.

By order dated October 28, 2009, the Eastern Caribbean Supreme Court in the High Court of Justice British Virgin Islands Commercial Court appointed Casey McDonald as Provisional Liquidator for Isle of Venice under the BVI Insolvency Act 2003.  The same court later appointed Russell Crumpler as the Liquidator for Isle of Venice.  On December 23, 2010, pursuant to chapter 15, this Court recognized the Isle of Venice proceeding in the British Virgin Islands as a foreign main proceeding.

After recognition of the relevant foreign proceedings by this Court, the Plaintiffs filed the above-captioned adversary proceedings.  For purposes of the Motions, the facts presented in the amended complaints are taken as true.

The Plaintiffs' core allegation is that former directors of BAICO and Isle of Venice drove the Plaintiffs into "highly speculative and cash-intensive real estate investments in the State of Florida which, not only were against the best interests of [the Plaintiffs], were actually fatal to [their] financial existence."  The Plaintiffs allege that the former directors' actions rendered the Plaintiffs insolvent and left them with unreasonably small capital.  After alleging that the director defendants caused the Plaintiffs to undertake several inappropriate investments, the Plaintiffs focus on what is referred to as the Green Island transaction.

Mr. Ramberran had a pre-existing relationship with Mr. Pratt, Mr. Krieger, and BAICO.  In April, 2007, Mr. Ramberran approached defendant Fullerton, a director of both Plaintiffs, with an opportunity to acquire an option to purchase approximately 6,000 acres of undeveloped real property in Osceola County, Florida (the "Green Island Property").  Mr. Ramberran explained that Corban Partners LLC, an entity owned and/or controlled by Mr.

---

[1] 11 U.S.C. §§ 101 *et seq.*

Ramberran, held an option to purchase the Green Island Property from entities controlled by a family known as the Partins.

In June, 2007, Mr. Ramberran informed Mr. Ramnarine, also a director of both Plaintiffs, that Mr. Pratt was the owner of the option rather than Corban Partners LLC, as previously stated.  Mr. Pratt was in fact not the owner of the option.  At the same time, Mr. Ramberran indicated that negotiations resulted in the Partins lowering the purchase price from $350 million to $295 million.  This was also untrue, as the Partins had agreed to accept $200 million for the Green Island Property.  Finally, Mr. Ramberran assured Mr. Fullerton that neither Mr. Ramberran nor Mr. Pratt would receive any fees or other remuneration from the deal.  This was also untrue.  Mr. Fullerton later learned that Mr. Pratt was to receive a $75 million "fee" as part of the transaction, an amount apparently eventually paid to Mr. Krieger.

In July, 2007, the Partins and Green Island Ventures, LLC ("GIV") entered into a purchase agreement pursuant to which GIV would acquire the Green Island Property for $200 million.  Voyager is sole owner and holder of 100% of the membership interests in GIV.     Mr.     Pratt     executed     the     purchase     agreement     as     the "member" of Voyager, which in turn acted as sole member of GIV.  The purchase agreement was amended three times and Mr. Pratt executed each amendment in the same manner.

At about the same time, Voyager entered into an agreement with BAICO and BAICO's wholly-owned subsidiary, BA Management Services, Inc. ("BA Management"), under which Voyager would sell its 100% equity interest in GIV to BAICO and BA Management for $295 million.  Prior to closing, Voyager assigned to GIH its 100% equity interest in GIV, and BAICO and BA Management assigned their interest in the purchase agreement to Isle of Venice.  As a result, GIH, as 100% equity owner of GIV, agreed to sell

5

that interest to Isle of Venice for $295 million. Again, Mr. Pratt executed documents to effectuate these transactions on behalf of Voyager.

The transactions closed in January, 2008. BAICO caused its wholly-owned subsidiary, Isle of Venice, to purchase from GIH a 100% membership interest in GIV. On that same day GIV acquired the Green Island Property. After closing of the Green Island transaction, GIV owned the real estate, Isle of Venice owned GIV, and BAICO continued to own Isle of Venice. Thus, BAICO became the indirect owner of the Green Island Property. In connection with the Green Island transaction, the Plaintiffs funded nearly $82 million in cash and obligated themselves on a $159 million mortgage to a prior owner of the real estate. In addition, Isle of Venice executed a purchase money note exceeding $56 million in favor of GIH and BAICO guaranteed that debt.

Although Mr. Pratt executed a number of documents as "member" of Voyager, the sole member of Voyager is Krieger Family Partners, LLLP. Mr. Krieger is a limited partner of Krieger Family Partners, LLLP. Other members of Mr. Krieger's family are limited partners and the general partner is a limited liability company also using the name Krieger. The Plaintiffs allege that Mr. Pratt signed various documents on behalf of Voyager to hide the fact that Mr. Krieger was the true seller of the Green Island Property. The Plaintiffs allege that Mr. Krieger held himself out to BAICO as a consultant and advisor in connection with BAICO's acquisition of the Green Island Property, advising BAICO in various aspects of the transaction, all the while hiding from BAICO that he was in fact the seller. At the time, Mr. Krieger, his wife, and Mr. Ramberran were employees of BA Management.

In the counts of the amended complaints at issue here, BAICO alleges that transfers made and obligations incurred by Isle of Venice in connection with the purchase of GIV should be avoided as fraudulent transfers, both Plaintiffs demand judgment against Mr.

Krieger in the form of compensatory and punitive damages for his fraud, and both Plaintiffs demand judgment against Mr. Ramberran, Mr. Pratt, and Voyager in the form of compensatory damages for aiding and abetting Mr. Krieger's fraud.

**MOTION TO DISMISS STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must determine, based on "judicial experience and common sense," whether the well-plead facts in the complaints present plausible claims for relief. *Ashcroft*, 129 S. Ct. at 1950. In making this determination, the Court must accept as true all factual allegations in the complaints. *Id.* at 1949. Motions to dismiss are not favored and are rarely granted. *See, e.g., Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).

Typically, when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). However, courts may take judicial notice of certain facts without converting a motion to dismiss to a motion for summary judgment where, for example, the documents to be considered are public records "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned". *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam). Courts may also consider exhibits attached to the pleadings or to a motion to dismiss where such exhibits are central to the claims in the complaint and are undisputed. *Id.* Futhermore, although the existence of an affirmative defense typically does not support

dismissal for failure to state a claim, a complaint may be dismissed "when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).

### FRAUDULENT TRANSFER AGAINST GIH

In Count III of adversary proceeding 11-03117 and Count II of adversary proceeding 11-03118, BAICO pursues fraudulent transfer actions against GIH. BAICO is the plaintiff in each fraudulent transfer action as it is a creditor of Isle of Venice with the right to pursue such an action. BAICO must prove, *inter alia*, that Isle of Venice did not obtain reasonably equivalent value in the Green Island transaction. *See* Fla. Stat. § 726.105 and § 726.106.

The Defendants argue that BAICO's guaranty of the obligations of Isle of Venice to GIH, attached to the amended complaints, supports theories of estoppel and waiver. Specifically, in paragraph 13 of the guaranty BAICO states that it received sufficient consideration for its guaranty. The Defendants argue that GIH relied on this representation in entering into the transaction.

The Defendants' argument is unavailing for two reasons. First, that BAICO represented that it received sufficient consideration for its obligations under the guaranty, more specifically acknowledging that BAICO itself would benefit from the related loan to Isle of Venice, does not necessarily mean that Isle of Venice obtained a benefit. BAICO and Isle of Venice are separate corporate entities. The question here is whether Isle of Venice received reasonably equivalent value, not whether BAICO did. Second, the acknowledgement that there was consideration to support BAICO's guaranty is not the same as acknowledging that the value received was reasonably equivalent to the obligation incurred.

In its guaranty, BAICO also represented that it was solvent prior to execution of the guaranty and would remain solvent after execution. The Defendants argue that GIH relied on this representation, that BAICO undertook the transaction knowing that it and Isle of Venice would be rendered insolvent, and that BAICO waived the right to claim insolvency now. Again, the focus of the present actions is on the solvency of Isle of Venice, not BAICO. At most, BAICO represented that it would not be made insolvent as a result of the guaranty. This is in no way dispositive of the issue whether Isle of Venice was made insolvent.

In any case, BAICO's guaranty was referenced in the original complaint, the Defendants failed to address this concern in their first motion to dismiss, and so the arguments relating to BAICO's guaranty were waived.

The Defendants argue that BAICO's own complaint shows that BAICO's officers and directors knew Isle of Venice would be rendered insolvent by the transaction and BAICO caused Isle of Venice to move ahead with the transaction nonetheless. The Defendants argue that BAICO may not now pursue a fraudulent transfer action in the face of its own foreknowledge that the transaction would leave Isle of Venice insolvent. This argument was raised in a skeletal manner in the Defendants' initial motions to dismiss and was disposed of at that time. The Defendants are not entitled to a second bite at the apple. Even if timely, the Defendants cite no law to support the argument that BAICO has somehow waived the fraudulent transfer claim or ratified the Green Island transaction in a manner that bars the present claim. Lastly, nowhere in the complaints do the Plaintiffs state that their officers and directors knew the transaction would result in Isle of Venice becoming insolvent. To be sure, the allegations come close, claiming that the Green Island transaction was doomed from the start, that it was unlikely the deal would be successful, that Isle of Venice would require additional financing that did not appear to be imminent,

and the like.   But the allegations in the amended complaints taken as a whole do not necessitate a finding that BAICO knew Isle of Venice would be left insolvent.   At best, this is a factual issue to be addressed at trial.

The Motions are denied with respect to Count III of adversary proceeding 11-03117 and Count II of adversary proceeding 11-03118.

### FRAUD AGAINST MR. KRIEGER

Isle of Venice, in Count IV of adversary proceeding 11-03117, and BAICO, in Count III of adversary proceeding 11-03118, present claims based in fraud against Mr. Krieger.

The elements of a cause of action for fraudulent misrepresentation are: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (quotation omitted).   Knowing concealment or non-disclosure of a material fact may support an action for fraud where there is a duty to disclose. *Transpetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879-880 (Fla. 4th DCA 2000).   Such duty to disclose "arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them." *Id.* at 880 (citation omitted).   A plaintiff must plead fraud with particularity. Fed. R. Civ P. 9(b); Fed. R. Bankr. P. 7009.

The Defendants argue that the amended complaints allege only that Mr. Krieger failed to disclose that he was affiliated with Voyager, the sole member of GIH, and that the amended complaints do not allege specific representations made by Mr. Krieger.   Yet the Plaintiffs state that Mr. Krieger held himself out to BAICO as a consultant and advisor in connection with the transaction, represented that he was negotiating with Mr. Pratt on behalf of BAICO all the while knowing he was really negotiating with himself, failed to

disclose that he was the true owner of the Green Island Property, witnessed Mr. Pratt signing for Voyager knowing that Krieger Family Partners was instead the sole member of Voyager, and failed to disclose he was a limited partner of Krieger Family Partners. The amended complaints fully present that Mr. Krieger knew he was involved on the seller side of the transaction and hid this important fact from BAICO.

The Defendants argue that Mr. Krieger had no duty to disclose his relationship with the seller of the Green Island Property and did not undertake any such duty. To the contrary, Mr. Krieger allegedly had a personal interest in the sale of the Green Island Property, yet held himself out as an advisor to BAICO in connection with the transaction. By acting on behalf of BAICO in connection with the transaction, Mr. Krieger undertook a duty to advise BAICO that he was personally benefitting from the transaction in a manner BAICO could not have known about.

The Defendants argue that the amended complaints do not allege any representations at all to Isle of Venice, nor do the amended complaints allege that the Defendants had any duty to Isle of Venice. This is true. All of the relevant actions alleged in the amended complaints took place long before Isle of Venice became involved in the transaction. Based on the allegations in the amended complaint, the amended complaint could not be further amended to address this shortcoming. The claim of fraud by Isle of Venice against Mr. Krieger must be dismissed with prejudice. This is Count IV of adversary proceeding 11-03117-EPK.

The Defendants argue that the amended complaints fail to state that Mr. Krieger's misrepresentations and/or failure to disclose induced the Plaintiffs to enter into the transaction or caused them damage. The Defendants argue that by the Plaintiffs' own allegations they would have closed the transaction in any case. This argument focuses on the reliance and causation components of a claim based in fraud. The Plaintiffs must allege

that they relied on Mr. Krieger's false representations and that such reliance caused them damage.

There can be no statement that Isle of Venice relied upon Mr. Krieger's misrepresentations because there is no allegation that Mr. Krieger made any representations to Isle of Venice. Isle of Venice came into the transaction just prior to closing and so had no material interaction with Mr. Krieger. Again, further amendment to the amended complaint could not remedy this problem. This is another reason to dismiss with prejudice Count IV of adversary proceeding 11-03117-EPK.

The Plaintiffs suggest that the allegations in the amended complaints support a finding that BAICO would not have pursued the transaction if it knew that the man negotiating the transaction on their behalf was really their adversary. They argue that Mr. Krieger's self-interest tainted his advice regarding purchase price and financing, which led the Plaintiffs to invest to their detriment. They argue that it is plausible that the Plaintiffs would not have "gambled" with the Green Island investment had they known that Mr. Krieger had fixed the game or stood to gain a $75 million fee. Absent Mr. Krieger's lie, they say, the Plaintiffs would not have suffered the Green Island investment.

To give credence to this argument would be reading between the lines of the amended complaints. There is no clear allegation connecting Mr. Krieger's lack of disclosure and the Plaintiffs' investment decision. The Plaintiffs fail to allege reliance or causation. As a result, Count III of adversary proceeding 11-03118-EPK must be dismissed. Dismissal of this claim against the Defendants should be with prejudice. The Plaintiffs are represented by counsel and neither filed a motion to amend nor requested leave to amend the amended complaint. In such a case, the Court is not required to grant leave to amend *sua sponte*. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

One of the transaction documents states that GIH is responsible for claims brought by Mr. Krieger and others.  The Defendants argue this shows that Mr. Krieger was not in fact advising BAICO in connection with the transaction.  The provision in question is not dispositive on the issue, a consideration of fact best left to trial.

The records of the Florida Secretary of State indicate that Mr. Krieger was a member or authorized representative of a member of Voyager and was its registered agent.  The Defendants argue that the Plaintiffs should have been aware of this fact and cannot now say that they relied to their detriment on Mr. Krieger's failure to advise them of his involvement with the seller.  In effect, the Defendants take the position that the Plaintiffs could not have justifiably relied on Mr. Krieger's failure to disclose.  This argument has no merit in the present case as, under Florida law, to prove a claim of fraudulent misrepresentation (as opposed to negligent misrepresentation) the Plaintiffs need not show that their reliance was justified.  *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010).  The Plaintiffs were not required to investigate the truth of Mr. Krieger's representations; their claim would fail only if they had actual knowledge that Mr. Krieger had mislead them.  *Id.*

Finally, the Defendants argue that the statute of limitations contained in Fla. Stat. § 95.11(3)(j) provides a bar date of four years, which period runs from discovery or when the fraud "should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a).  The Defendants argue that the Plaintiffs should have reviewed the public corporate records maintained by the Secretary of State of Florida to see that Mr. Krieger was related to Voyager (which they knew was the intermediate purchaser), that such review should have occurred prior to closing in January 2008, and thus the deadline to file this fraud claim was in January 2012.  The Plaintiffs first sought leave to file an amended complaint, adding this claim against Mr. Krieger, on June 13, 2013.

The Court here considers Motions seeking dismissal. The corporate records of Voyager maintained by the Florida Secretary of State are not central to the amended complaints, nor were they attached to the complaints. They are before the Court now only because the Defendants requested that the Court take judicial notice of them.[2] The effect of such judicial notice is that the Court takes as true only that such documents were on file on the dates given by the Secretary of State but does not attribute any truth to statements made in the documents. That such records indicate a connection between Mr. Krieger and Voyager is a statement of fact otherwise subject to objection under the Federal Rules of Evidence. The evidentiary effect of such statements, and any potential factual dispute relating to them, should be considered at trial.

Even if the Court was to give weight to the content of the Secretary of State's records at this stage of the litigation, nothing in the amended complaints would lead the Court to believe the Plaintiffs were required to review the corporate records of Voyager at the time of the Green Island transaction. At the date of closing, Voyager was no longer a party to the transaction and BAICO believed Mr. Krieger to be its advisor. There was no reason for the Plaintiffs to believe Mr. Krieger was acting in any manner contrary to the Plaintiffs' interests and so no reason for the Plaintiffs to investigate him. The case law cited by the Defendants arises in an entirely different context.

### AIDING AND ABETTING FRAUD AGAINST PRATT AND VOYAGER

Count V of adversary proceeding 11-03117 and Count IV of adversary proceeding 11-03118 state claims based in aiding and abetting fraud against Shiva Ramberran, Mr. Pratt, and Voyager.

---

[2] The Plaintiffs did not object to the Defendants' request that this Court take judicial notice of corporate records for Voyager maintained by the Secretary of State of Florida, and so the Court takes judicial notice.

Under Florida law, to prove a claim of aiding and abetting fraud a plaintiff must establish: 1) there is an underlying fraud; 2) the defendant had knowledge of the fraud; and 3) the defendant provided substantial assistance to advance the commission of the fraud. *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*, 917 So. 2d 368, 372 (Fla. 5th DCA 2005).

As discussed above, the amended complaints fail to state a claim of fraud against Mr. Krieger.  Because there is no adequate claim of underlying fraud, the related aiding and abetting claims against Mr. Pratt and Voyager cannot stand.  Because the related fraud counts are to be dismissed with prejudice, count V of adversary proceeding 11-03117-EPK and Count IV of adversary proceeding 11-03118-EPK must also be dismissed with prejudice.[3]

Accordingly, the Court proposes the following:

1.      The motion to dismiss [ECF No. 268] filed in Adv. Proc. No. 11-03117-EPK is GRANTED IN PART as follows:  (a) count III is not dismissed; (b) count IV is dismissed with prejudice; and (c) count V is dismissed with prejudice as against all defendants.

2.      The motion to dismiss [ECF No. 354] filed in Adv. Proc. No. 11-03118-EPK is GRANTED IN PART as follows:  (a) count II is not dismissed; (b) count III is dismissed with prejudice; and (c) count IV is dismissed with prejudice as against all defendants.

3.      The motions to take judicial notice [Adv. Proc. No. 11-03117-EPK, ECF No. 269; Adv. Proc. No. 11-03118-EPK, ECF No. 355] are GRANTED.

4.      This Order constitutes the Court's proposed findings of fact and conclusions of law consistent with the *Order Granting Motions to Withdraw Reference to Bankruptcy*

---

[3] The clerk has entered a default against non-movant Shiva Ramberran.  However, because the related count IV for fraud will be dismissed with prejudice, there is no basis for a claim based on aiding and abetting fraud against any of the defendants, including Mr. Ramberran.  Thus, count V must be dismissed with prejudice as against all defendants.

*Court* [Adv. Proc. No. 11-03117-EPK, ECF No. 184; Adv. Proc. No. 11-03118-EPK, ECF No. 245].

5.   The clerk is directed to submit to the district court, pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033, the following:

a.   this Order;

b.   the amended complaints in these adversary proceedings [Adv. Proc. No. 11-03117-EPK, ECF No. 225; Adv. Proc. No. 11-03118-EPK, ECF No. 310];

c.   the motions to take judicial notice filed by Green Island Holdings, LLC, Charles Pratt, Peter Krieger, and Voyager Development, LLC [Adv. Proc. No. 11-03117-EPK, ECF No. 269; Adv. Proc. No. 11-03118-EPK, ECF No. 355];

d.   the motions to dismiss filed by Green Island Holdings, LLC, Charles Pratt, Peter Krieger, and Voyager Development, LLC [Adv. Proc. No. 11-03117-EPK, ECF No. 268; Adv. Proc. No. 11-03118-EPK, ECF No. 354];

e.   the responses filed in connection with such motions to dismiss [Adv. Proc. No. 11-03117-EPK, ECF No. 294; Adv. Proc. No. 11-03118-EPK, ECF No. 377];

f.   the replies filed in connection with such motions to dismiss [Adv. Proc. No. 11-03117-EPK, ECF No. 301; Adv. Proc. No. 11-03118-EPK, ECF No. 384]; and

g.   any objections filed pursuant to Fed. R. Bankr. P. 9033.

6.   The parties shall comply with Fed. R. Bankr. P. 9033.

### # # #

Copies furnished to:

Howard D. DuBosar, Esq.

*Howard D. DuBosar, Esq. is directed to serve a conformed copy of this order on all appropriate parties and to file a certificate of service.*