

**ORDERED in the Southern District of Florida on December 8, 2015.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 09-31881-EPK |
| | Case No. 09-35888-EPK |
| BRITISH AMERICAN INSURANCE | |
| COMPANY LIMITED, | Chapter 15 |
| | (Jointly Administered) |
|     Debtor in a Foreign Proceeding. | |
| _____/ | |
| In re: | Case No. 10-21627-EPK |
| BRITISH AMERICAN ISLE OF | |
| VENICE (BVI) LIMITED, | Chapter 15 |
|     Debtor in a Foreign Proceeding. | |
| _____/ | |
| BRITISH AMERICAN INSURANCE | |
| COMPANY LIMITED, | |
|     Plaintiff, | |
| vs. | |
| | Adv. No. 11-03118-EPK |
| ROBERT FULLERTON *et al.*, | (Consolidated) |
|     Defendants. | |
| _____/ | |

BRITISH AMERICAN ISLE OF
VENICE (BVI) LIMITED and
BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Plaintiffs,

vs.

                                                       Adv. No. 11-03117-EPK

ROBERT FULLERTON et al.,

    Defendants.
_____/

## PROPOSED ORDER ON MOTION TO VACATE CLERK'S DEFAULT AND MOTION FOR DEFAULT JUDGMENT

THIS MATTER came before the Court for hearing on November 13, 2015 upon the *Plaintiffs' Motion for Entry of Final Judgment After Default Against Defendants Lawrence Duprey and Brian Branker* [ECF No. 441] (the "Motion for Judgment") filed by plaintiffs British American Insurance Company Limited ("BAICO") and British American Isle of Venice Limited ("Isle of Venice" and, together with BAICO, the "Companies") and the *Verified Motion to Dismiss Complaint Due to Improper Service or, in the Alternative, to Vacate Clerk's Default* [ECF No. 448] (the "Motion to Vacate") filed by defendant Lawrence Duprey.[1]

With the Motion for Judgment, the Companies seek entry of default judgments against Mr. Duprey and defendant Brian Branker. Mr. Branker did not respond to the Motion for Judgment. Mr. Duprey filed a response to the Motion for Judgment at ECF 446. Also in response to the Motion for Judgment, Mr. Duprey filed the Motion to Vacate, requesting that the Court dismiss the amended complaint as to Mr. Duprey or, in the alternative, vacate entry of default against him by the clerk.

---

[1] The above-captioned adversary proceedings have been consolidated. ECF No. 296 in Adv. Pro. No. 11-3117-EPK; ECF No. 379 in Adv. Pro. No. 11-3118-EPK. All ECF numbers cited in this order refer to Adv. Pro. No. 11-03118-EPK.

2

For the reasons stated more fully below, the Court proposes that the Motion to Vacate be denied, that the Motion for Judgment be granted in part to the extent that Mr. Duprey and Mr. Branker be held liable for all actions alleged in the amended complaint as against them, and that judgment be entered against Mr. Duprey and Mr. Branker in an amount to be set after trial solely on the issue of damages.

**Background**

The Companies are debtors in foreign insolvency proceedings administered in the United States by this Court under chapter 15 of the Bankruptcy Code, 11 U.S.C. §§ 1502 to 1532. The Companies had pursued a large real estate transaction in Florida that resulted in a loss allegedly exceeding $100 million. This loss was a primary cause of the insolvency of the Companies and their multi-national insolvency proceedings. In 2011, the Companies initiated these substantially similar adversary proceedings against a number of their former directors and officers for breach of fiduciary duties in connection with the failed real estate transaction. The amended complaint does not allege a specific sum as damages.

Mr. Duprey is a former director of the Companies and an equity owner of the parent company of BAICO. By his own admission, Mr. Duprey is a sophisticated businessman who has worked extensively on behalf of various insurance and asset management companies. *See* ECF No. 448, Exh. A. In connection with his work for the Companies and other corporate employers, Mr. Duprey has been personally involved in a number of lawsuits. *Id.*, Exh. B; ECF No. 452, Exh. B.

In 2012, Mr. Duprey, through counsel, moved the Court to dismiss the original complaint for lack of subject matter jurisdiction. ECF No. 174. The Court denied the motion to dismiss in February 2013. ECF No. 281; *In re British American Insurance Company Ltd.*, 488 B.R. 205 (Bankr. S. D. Fla. 2013). The Court's order denying Mr. Duprey's motion to dismiss was duly served on counsel for Mr. Duprey on March 2, 2013.

ECF No. 282.  Mr. Duprey was required to file an answer within 14 days after notice of denial of his motion to dismiss.  Fed. R. Bankr. P. 7012.  Mr. Duprey did not file an answer.

On June 13, 2013, the Companies asked the Court for leave to amend the complaint to add several parties as defendants.  ECF No. 298.  The proposed amended complaint did not add any allegations with regard to Mr. Duprey (or Mr. Branker).  The motion for leave to amend and the notice of hearing thereon were duly served on counsel for Mr. Duprey.

On June 20, 2013, more than three months after the Court denied Mr. Duprey's initial motion to dismiss, and after counsel for Mr. Duprey was served with and received the Companies' motion to amend their complaint and the notice of hearing thereon, counsel for Mr. Duprey filed a motion to withdraw.  ECF No. 302.

The Court granted the motion to amend the complaint in July 2013.  ECF No. 308.  The Companies filed the amended complaint on July 29, 2013.  ECF No. 310.  Because the amended complaint added new defendants, the clerk issued an amended summons.  ECF No. 311.  As required by Fed. R. Civ. P. 5, made applicable in this case by Fed. R. Bankr. P. 7005, Mr. Duprey was served with the amended complaint through his counsel, who was still representing him at that time.  In addition, although not necessary, Mr. Duprey was served with the amended complaint which was sent to his residence in Ft. Lauderdale, Florida.

After Mr. Duprey was duly served with the amended complaint, in August 2013, the Court held a hearing on his counsel's motion to withdraw and entered an order permitting counsel for Mr. Duprey to withdraw.  ECF No. 313.  In that order, as requested by Mr. Duprey's former counsel, the Court directed that the plaintiff "shall not seek a default against Duprey for a period of 30 days after the date of entry of this order" and the Court directed that "Duprey shall be served at 2 Harborage Drive, Fort Lauderdale, Florida 33316 until such time as counsel makes an appearance on behalf of Duprey, if ever."  Mr. Duprey

did not retain replacement counsel for more than two years, until the matters now under consideration were brought before the Court.

Mr. Duprey did not respond to the amended complaint. In September 2013, the Companies filed a motion for entry of default and served it on Mr. Duprey at his residence. ECF Nos. 329 and 330.[2] Mr. Duprey did not respond. The Court granted the motion and that order was also duly served on Mr. Duprey. ECF Nos. 332 and 336.

In the ensuing two years, Mr. Duprey did nothing at all with regard to this case. In contrast, during that time the Companies were quite active. With defaults in hand against Mr. Duprey and certain other parties allegedly central to the failed real estate transaction, the Companies negotiated with a number of other defendants and entered into settlements for amounts far below the total damages allegedly suffered by the Companies. Had the Companies believed that they would have to go to trial against Mr. Duprey, the marginal cost of going to trial against the settling defendants would have been low, significantly reducing the Companies' incentive to settle with them. During this time the Companies participated in extensive discovery with other defendants. But, because Mr. Duprey had been defaulted, the Companies served no discovery on Mr. Duprey relating to his involvement in the subject real estate transaction.

In October 2015, having finalized negotiations with other defendants and finding themselves ready to conclude this case, the Companies properly and timely filed the Motion for Judgment against Mr. Duprey and Mr. Branker. Three weeks later, more than two years and two months after his prior counsel was permitted to withdraw, replacement

---

[2] Consistent with Fed. R. Bankr. P. 7004 and 7005, and as reflected in this Court's order permitting Mr. Duprey's counsel to withdraw at ECF No. 313, service may be by United States mail. Personal service is not required in bankruptcy matters.

counsel for Mr. Duprey filed notices of appearance.  ECF Nos. 444, 445.  Mr. Duprey then filed a response to the Motion for Judgment and also filed the Motion to Vacate.

In the Motion to Vacate, Mr. Duprey argues that the Court should either dismiss the amended complaint or vacate the clerk's default because the Companies allegedly failed to properly serve Mr. Duprey with the amended summons.  Mr. Duprey also argues that "good cause" exists to vacate the default pursuant to Fed. R. Civ. P. 55(c), made applicable to this proceeding by Fed. R. Bankr. P. 7055.  Mr. Duprey argues that his inactivity was not willful because he is eighty-one years old and his counsel withdrew from this case, and thus he did not realize he had an obligation to respond to the original complaint after denial of his motion to dismiss or to the amended complaint.  Mr. Duprey argues that he has a defense to the allegations contained in the amended complaint because he did not know about the subject real estate transaction until after it was negotiated by other defendants in this case.  Finally, Mr. Duprey alleges that the judgment sought in the amount of $120 million would be excessive.

In response to the Motion for Judgment, Mr. Duprey repeats his argument as to service of process.  Mr. Duprey also argues that this is not an "exceptional case" warranting entry of default judgment as opposed to a disposition on the merits.

**Motion to Vacate**

Mr. Duprey argues that the amended summons, issued when the complaint was amended, was not properly served on him.  The amended summons was issued by the clerk to permit initial service on parties added to this action as a result of the amended complaint.  Mr. Duprey was properly served with original process in this case.  The only time a previously served defendant is entitled to service of a new summons is when an amended pleading "asserts a new claim for relief against such a party."  Fed. R. Civ. P. 5(a)(2), made applicable by Fed. R. Bankr. P. 7005.  The amended complaint here did not

6

assert a new claim against Mr. Duprey; indeed, it contained no new allegations with regard to Mr. Duprey.  Mr. Duprey was properly served with the amended complaint via his counsel of record, as required by Fed. R. Civ. P. 5, made applicable by Fed. R. Bankr. P. 7005.  Although not required, Mr. Duprey was also served with the amended complaint by Federal Express to his residence.  The argument that the Companies failed to properly serve Mr. Duprey with the amended summons is a red herring.

"Good cause" under Rule 55 is a mutable standard.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989)).  Courts primarily consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*  The standard is applied liberally in favor of determining cases on the merits, however, and so Courts have also considered "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.*

In this case, several of the factors weigh heavily against Mr. Duprey.

Mr. Duprey argues that he did not realize that he needed to respond to the original complaint after denial of his motion to dismiss or, more importantly, to the amended complaint.  This argument is simply incredible.  Mr. Duprey is a sophisticated businessman with extensive experience in transactions such as those at issue here and in a number of lawsuits.  When Mr. Duprey was duly served with initial process in this action, he immediately retained competent counsel well known to this Court, and presented a sophisticated motion to dismiss implicating both general federal and chapter 15 jurisprudence.  The Court denied Mr. Duprey's motion to dismiss with a lengthy memorandum opinion.  Mr. Duprey had ample time to consult with his counsel about that

ruling. The Court must assume that counsel for Mr. Duprey properly advised him of the need to respond to the original complaint within 14 days after denial of his motion to dismiss. Mr. Duprey did not file an answer to the original complaint. The motion to amend the complaint was served on counsel for Mr. Duprey. Again, the Court must assume that counsel properly advised Mr. Duprey of the possibility of an amended complaint and the need to respond. Mr. Duprey was given a second chance to respond when the Companies filed their amended complaint. Based on Mr. Duprey's actions in this very case, and on his extensive experience in business and litigation, it is simply not believable that he did not know he had to respond to the amended complaint. Even if this was somehow the case, more than two years ago the Companies served Mr. Duprey with their motion for default where they specifically alleged that he had failed to respond to the amended complaint. ECF No. 329. Mr. Duprey had ample notice of this action, actually filed an extensive motion to dismiss that the Court denied, and failed to respond even after his failure was specifically brought to his attention. His failure to respond in this case was certainly culpable and willful.[3]

Setting aside the default would result in material prejudice to the Companies. Once the Companies had obtained defaults against Mr. Duprey and certain other defendants, the Companies entered into relatively nominal settlements with a number of the remaining individual defendants, thereby avoiding the need for trial on nearly every issue in these cases. If the Companies had believed they might be forced to go to trial against Mr. Duprey, they obviously would have pursued discovery from him and likely would have undertaken a different strategy with the other defendants. Indeed, the Companies might

---

[3] Mr. Duprey states that he is 81 years old, as though his age is somehow related to his failure to respond to the amended complaint. But there is nothing in the documents before the Court to suggest that Mr. Duprey suffers from diminished capacity. His age alone would not cause the Court to reach this conclusion. Indeed, Mr. Duprey is younger than one member of this Court.

have foregone settlement with several other defendants as the marginal cost of trial would not have been significant.  In short, the Companies relied on the fact that Mr. Duprey had failed to respond, in spite of repeated notice, to pursue a particular strategy in these cases; they would not have done so had Mr. Duprey actively participated in the case after his motion to dismiss was denied.  Now more than two years have passed.  It would be materially more difficult for the Companies to now try this case against Mr. Duprey.

To have a default set aside under Rule 55(c), the defaulting party must provide by "clear statements" a "hint of suggestion" that the party's defense has merit.  *Rodriguez v. Brim's Food, Inc.*, 2013 WL 3147348, *3 (S.D. Fla. 2013); *see Argoita v. C & J Sons, LLC*, 2014 WL 1912011, *2 (S.D. Fla. 2014).  Mr. Duprey argues that he was ignorant of the real estate transaction that forms the basis for this case until after it was negotiated by other defendants.  This would be a partial defense to the action.  But in light of the willful nature of Mr. Duprey's inactivity in this case, the Court is not swayed by the defense presented.  *See Compania Interamericana*, 88 F.3d at 951-52 ("if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief").

Mr. Duprey draws particular attention to the fact that the Companies are requesting a default judgment in an amount more than $100 million.  Mr. Duprey argues that his inaction should not subject him to such a large judgment.  Although the amended complaint does not request damages in a specified amount, it is obvious from the allegations in the amended complaint that the transaction in question involved hundreds of millions of dollars and that the Companies suffered a near total loss.  It is incredible that a man of Mr. Duprey's experience would not understand that the amount in dispute was very large.  Indeed, the sophistication of Mr. Duprey's initial motion to dismiss belies this

argument. In the end, the Court will require that the Companies present evidence on the issue of damages and Mr. Duprey will have the opportunity to contest that evidence.

**Motion for Judgment**

In considering a motion for default judgment subsequent to entry of a clerk's default, the Court deems the defendant to have admitted the allegations of fact contained in the complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). In the face of a properly entered clerk's default, Mr. Duprey may oppose the Motion for Judgment solely by contesting "the sufficiency of the complaint and its allegations to support the judgment." *Id.* ("assuming for the sake of the argument that a default was an appropriate sanction . . . Mass Mutual "may not challenge the sufficiency of the evidence, [it] is entitled to contest the sufficiency of the complaint and its allegations to support the judgment") (citing *Nishimatsu*, 515 F.2d at 1206).

In his response to the Motion for Judgment, Mr. Duprey reiterates the arguments presented in the Motion to Vacate. These arguments are not relevant to the Court's consideration of a motion for entry of default judgment.

Mr. Duprey does not challenge the sufficiency of the amended complaint as plead. The Court finds the amended complaint well plead with regard to the claims against Mr. Duprey and Mr. Branker. However, the amended complaint does not present a specific request for damages. It is appropriate to require the Companies to present evidence on the issue of damages and to permit Mr. Duprey and Mr. Branker to contest that evidence. The Motion for Judgment should be granted in part, the Court ruling that Mr. Duprey and Mr. Branker shall be held liable for damages in amount to be set after trial on that issue alone.

**Conclusion**

For the foregoing reasons, the Court proposes the following:

1.      The Motion to Vacate [ECF No. 448] is DENIED.

2.      The Motion for Judgment [ECF No. 441] is GRANTED IN PART to the extent provided herein.

3.      As the defendants Brian Branker and Lawrence Duprey did not timely respond to the amended complaint, each allegation contained therein is deemed proven as against such defendants, and judgment shall be entered against defendants Brian Branker and Lawrence Duprey in an amount to be determined after trial solely on the issue of damages.

4.      This Order constitutes the Court's proposed findings of fact and conclusions of law consistent with the Order Granting Motions to Withdraw Reference to Bankruptcy Court [Adv. Proc. No. 11-03117-EPK, ECF No. 184; Adv. Proc. No. 11-03118-EPK, ECF No. 245].

5.      The clerk is directed to submit to the District Court, pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033, the following:

   a.      this Order;

   b.      the amended complaints in these adversary proceedings [Adv. Proc. No. 11-03117-EPK, ECF No. 225; Adv. Proc. No. 11-03118-EPK, ECF No. 310];

   c.      *Plaintiffs' Motion for Entry of Final Judgment After Default Against Defendants Lawrence Duprey and Brian Branker* [ECF No. 441];

   d.      *Response in Opposition to Motion for Entry of Final Judgment After Default* [ECF No. 446];

   e.      *Verified Motion to Dismiss Complaint Due to Improper Service Or, in the Alternative, to Vacate Clerk's Default* [ECF No. 448];

11

    f. *Plaintiffs' Reply in Support of Its Motion for Entry of Final Judgment After Default Against Defendants Lawrence Duprey and Brian Branker [D.E. 441]* [ECF No. 451];

    g. *Plaintiffs' Response in Opposition to Verified Motion to Dismiss Complaint Due to Improper Service Or, in the Alternative, to Vacate Clerk's Default [D.E. 448]* [ECF No. 452];

    h. any objections filed pursuant to Fed. R. Bankr. P. 9033.

  6. The parties shall comply with Fed. R. Bankr. P. 9033.

###

Copies furnished to:

Traci Rollins, Esq.

*Traci Rollins, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*