

**ORDERED in the Southern District of Florida on May 17, 2019.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                        CHAPTER 15

BRITISH AMERICAN INSURANCE                    CASE NO. 09-31881-EPK
COMPANY LIMITED,                               CASE NO. 09-35888-EPK
                                               (Jointly Administered)


        Debtor in a Foreign Proceeding.
_____/

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

        Plaintiff,

v.                                                            ADV. NO. 11-03118-EPK

ROBERT FULLERTON, BRIAN
BRANKER, RAMCHAND RAMNARINE,
LAWRENCE DUPREY, SHIVA RAMBERRAN,
GREEN ISLAND HOLDINGS, LLC,
CHARLES PRATT, PETER KRIEGER, and
VOYAGER DEVELOPMENT, LLC,

        Defendants.
_____/

**Order Determining That Proceeding Supplementary Against Sylvia Baldini**
**Is A Related To Matter That Must Be Treated As A Non-Core Proceeding**

On May 13, 2019, British American Insurance Company Limited, as plaintiff in the above-captioned adversary proceeding and judgment creditor, filed a motion asking this court to determine whether a proceeding supplementary, pursued against Sylvia Baldini, is a core matter subject to entry of final orders and judgment by this court.  ECF No. 824.

For the reasons stated below, the court rules that there is federal bankruptcy jurisdiction over the plaintiff's proceeding supplementary against Ms. Baldini, based in fraudulent transfer, solely on the basis that it is "related to" a case under title 11.  While labelled as a "core" proceeding under the applicable statute, the fraudulent transfer claim against Ms. Baldini must be treated as a non-core proceeding.  Absent consent of the parties, which it appears does not exist, this court may not enter final orders or judgment in the matter.  Ms. Baldini has asked the district court to withdraw the reference to rule on her motion to dismiss the notice to appear in the proceeding supplementary.  The district court has discretion whether to deny that motion, in which case this court will enter a proposed ruling on the motion to dismiss for review by the district court, or to grant that motion, in which case the district court will act on the motion to dismiss in the first instance.  In light of the broad discretion afforded to the district court, and the role of this court in this related to matter, this court expresses no preference in this regard.

## BACKGROUND

The court recognized the petitioner/plaintiff by order entered March 22, 2010.  ECF No. 65, Case No. 09-31881.  The plaintiff filed a complaint commencing this adversary proceeding on December 22, 2011 and filed an amended complaint on July 29, 2013.  ECF Nos. 1 and 310.

Lawrence Duprey was one of several defendants in this adversary proceeding.  Mr. Duprey is married to Ms. Baldini.

On August 1, 2017, the court entered judgment against Mr. Duprey in the amount of $122,636,450.34.  ECF No. 540.  On April 17, 2018, the court entered an additional judgment against

Mr. Duprey, for sanctions, in the amount of $24,283.20.  ECF No. 650.  Neither of these judgments has been satisfied.

The plaintiff contends that Mr. Duprey fraudulently transferred assets to Ms. Baldini.  The plaintiff is pursuing proceedings supplementary against Ms. Baldini.  ECF Nos. 669 and 777.  This court authorized the issuance of a notice to appear to Ms. Baldini.  ECF No. 803.  The plaintiff filed and served on Ms. Baldini a notice to appear and an amended notice to appear.  ECF Nos. 804 and 807.

Ms. Baldini responded with a motion to dismiss the notice to appear and a motion asking the district court to withdraw the reference.  ECF Nos. 814 and 816.  While Ms. Baldini explicitly objects to this court conducting a jury trial in the proceeding supplementary, the motion to withdraw the reference does not seek withdrawal of the reference so that the district court may conduct a jury trial.  Ms. Baldini seeks withdrawal of the reference so that the district court "may consider Baldini's legal defenses and rule upon her Motion to Dismiss the Notice to Appear with prejudice."

It appears that Ms. Baldini would prefer that the district court rule on her motion to dismiss the notice to appear rather than this court prepare a proposed order on that motion for consideration by the district court.  In Ms. Baldini's motion to dismiss, her primary argument is that the plaintiff's claim against her, based in fraudulent transfer, is time barred.  When this court heard the plaintiff's request for authority to serve Ms. Baldini with the notice to appear, Ms. Baldini made that same argument.  The court overruled her objection based on the only available Florida appellate case law.[1]  As Ms. Baldini already knows that this court is likely to propose denial of her motion to dismiss, she

---

[1] *Biel Reo, LLC v. Barefoot Cottages Dev. Co.*, 156 So. 3d 506 (Fla. 1st DCA 2014) (holding that Fla. Stat. § 56.29 borrows substantively from fraudulent transfer law but does not adopt its shorter statute of limitations period); *Ferre v. City Nat'l Bank*, 548 So. 2d 701 (Fla. 3d DCA 1989) (stating that Florida law indicates that an action to enforce a judgment involving fraudulent conveyances to a member of the judgment debtor's family is viable for the life of the judgment).

asks the district court to short circuit the process by withdrawing the reference and ruling on the issue directly.

In the present motion, the plaintiff asks this court to enter an order "finding that the fraudulent transfer proceedings supplementary asserted against Baldini are core matters." ECF No. 824.

BANKRUPTCY JURISDICTION, CORE MATTERS, AND ARTICLE III CONCERNS

Pursuant to Article I, Section 8 of the United States Constitution, Congress enacted 28 U.S.C. § 1334. Section 1334 is the sole source of subject matter jurisdiction in bankruptcy. Subsection (a) of that provision grants to the district courts "original and exclusive jurisdiction of all cases under title 11," and subsection (b) grants to the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) and (b).

A proceeding "arising under" title 11 is one based in a provision of the Bankruptcy Code itself. *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) (citation omitted). For example, an action to avoid and recover a preferential transfer under 11 U.S.C. §§ 547 and 550 is one "arising under" title 11. A proceeding "arising in" a case under title 11 is a proceeding that, even if not specifically provided for in the Bankruptcy Code, can take place only in the context of a case under title 11. This includes various matters involving administration of a bankruptcy estate. *Id.* (citations omitted).

Proceedings arising under title 11 or arising in a title 11 case are to be contrasted with "related to" matters. A "related to" matter is one which does not find its source in the Bankruptcy Code, and could be pursued outside a title 11 case, but which nonetheless bears a connection with the title 11 case sufficient to bring it within federal bankruptcy jurisdiction. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)

4

and which in any way impacts upon the handling and administration of the bankrupt estate.") (citation omitted).

In chapter 15 cases, such as the present case, a foreign court oversees the property subject to administration.  The concept of related to jurisdiction cannot rely on the analyses typical to cases under chapters 7, 9, 11, 12, and 13, which involve bankruptcy estates in the United States. *British Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*, 488 B.R. 205, 223 (Bankr. S.D. Fla. 2013) ("Without the anchor of a United States bankruptcy estate, the court must look elsewhere to determine the extent of subject matter jurisdiction over related to matters in chapter 15.").  "The inquiry becomes — does the action in any way impact upon the handling and administration of the chapter 15 case?" *Id.*

All bankruptcy jurisdiction is initially lodged in the district courts.  Under 28 U.S.C. § 157(a), each district court may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."  The district court may refer to the bankruptcy court any and all matters covered by 28 U.S.C. § 1334.  This has been accomplished in every district in the United States by standing orders of reference.  On March 27, 2012, the district court for the Southern District of Florida issued a revised Order of Reference, Administrative Order 2012-25 (the "Standing Order").  The Standing Order refers to the bankruptcy court in this district any and all cases and proceedings covered by federal bankruptcy jurisdiction.  The district court may for cause shown withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court under the Standing Order.  28 U.S.C. § 157(d).

Not all matters referred to the bankruptcy court are subject to entry of final orders or judgments in the bankruptcy court.  Congress decreed that "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" referred to the bankruptcy court are subject to entry of final orders and judgments in the bankruptcy court.  28 U.S.C. § 157(b)(1). Thus, once referred to the bankruptcy court, the bankruptcy court has the statutory power (and in

most cases the duty) to enter final orders and judgments in cases under title 11 and in "core" matters "arising under" or "arising in" cases under title 11.  With regard to non-core proceedings, the bankruptcy court may hear such proceedings but, absent consent of the parties, must then submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c).[2]  If the parties consent in a non-core proceeding, the bankruptcy court may enter a final order or judgment. 28 U.S.C. § 157(c)(2).

Absent consent of the parties, the statutory power of the bankruptcy court to enter final orders and judgments depends on whether the matter before the court is core or non-core.  28 U.S.C. § 157(b)(2) sets out a non-exclusive list of matters defined as core proceedings.  In this provision, Congress exhibited its intent to provide to the bankruptcy court the broadest power to enter final orders and judgments that is consistent with the requirements of the Constitution.  *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir. 2012), *aff'd*, 573 U.S. 25 (2014).

The bankruptcy court is not a tribunal provided for in Article III of the Constitution.  As such, there are limits on the power of Congress to direct what matters may be subject to final orders and judgments in the bankruptcy court.  *Stern v. Marshall*, 564 U.S. 462, 481-502 (2011).  The proceedings described as core in 28 U.S.C. § 157(b) may include matters in which the bankruptcy court cannot enter final orders or judgments consistent with the limits of Article III, absent consent of the parties. *Id.*  To determine whether a particular proceeding may be subject to entry of a final order or judgment

---

[2] It does not appear that the district court may refer to the bankruptcy court a core matter that is subject to entry of final orders or judgments in the bankruptcy court consistent with Article III of the Constitution, but nevertheless direct that the bankruptcy court issue proposed findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1) provides for the bankruptcy court to issue proposed findings and conclusions only in non-core matters.  This provision may be extended to matters labeled as core in the statute but that are not subject to final orders or judgments in the bankruptcy court consistent with the requirements of Article III (see below).  However, 28 U.S.C. § 157(b)(1) provides that the bankruptcy court is to enter final orders and judgments in core matters referred to it (to the extent permitted by the Constitution), and section 157(c)(1) explicitly does not apply in such circumstances.  There is no statutory basis for the district court to direct the bankruptcy court to file proposed findings of fact and conclusions of law in truly core matters.

in the bankruptcy court, it is necessary to determine whether the proceeding is a core proceeding within the meaning of section 157(b), and also whether entry of such final order or judgment would exceed the limits imposed by Article III of the Constitution. *Id.*

Orders and judgments of the bankruptcy court entered in core matters, and in non-core matters with the consent of the parties, are subject to appeal to the district court under 28 U.S.C. § 158. Proposed findings of fact and conclusions of law submitted by the bankruptcy court, in non-core matters and in matters where Article III requires final orders to be entered by the district court, are subject to *de novo* review by the district court. 28 U.S.C. § 157(c)(1).[3] These are submitted to the district court pursuant to Fed. R. Bankr. P. 9033 and are subject to objections of the parties under that rule. The primary difference between a final order or judgment of the bankruptcy court and proposed findings of fact and conclusions of law is that the former has immediate legal impact but the latter does not. Absent entry of a stay pending appeal or similar relief, a final order or judgment of the bankruptcy court, whether entered in a core matter or in a non-core matter based on consent of the parties, is subject to execution or other enforcement without input from any other court. On the other hand, proposed findings of fact and conclusions of law issued by the bankruptcy court become enforceable if and only if, and only to the extent that, the district court enters an order approving or adopting them.

28 U.S.C. § 157(c)(1) and the related Fed. R. Bankr. P. 9033 refer only to non-core matters, not matters specifically defined by Congress as core. They do not explicitly inform the bankruptcy court how to approach a proceeding that is statutorily defined as core but that involves a matter in which the bankruptcy court may not enter a final order, absent consent of the parties. The Supreme

---

[3] *De novo* review applies only to "those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). If no specific objections are timely lodged, the bankruptcy court's proposed findings and conclusions may be adopted by the district court without further review.

Court determined that the bankruptcy court may submit proposed findings of fact and conclusions of law in such cases. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014).[4]

The parties to a proceeding before the bankruptcy court that is non-core or that is core but nevertheless not subject to final order in the bankruptcy court may consent to the bankruptcy court entering a final order or judgment. 28 U.S.C. § 157(c)(2). Express consent is not required; consent may be implied so long as it is knowing and voluntary. *Wellness Intern. Network, Ltd. v. Shariff*, 135 S. Ct. 1932, 1948 (2015). For example, a party may consent to entry of a final order or judgment in the bankruptcy court by failing to timely object. *In re Bellingham Ins. Agency, Inc.*, 702 F.3d at 566-70.

Similarly, if a party to a proceeding before the bankruptcy court has a right to trial by jury under applicable law, the bankruptcy court may conduct a jury trial only with the consent of all parties. 28 U.S.C. § 157(e).[5]

Whether the bankruptcy court may enter a final order or judgment in a particular proceeding has no impact on whether there is federal bankruptcy jurisdiction over the proceeding. The question of whether there is subject matter jurisdiction over an action pursued in connection with a title 11 case, and the question of which court may enter a binding order, are separate inquiries. The bankruptcy court may have subject matter jurisdiction over a proceeding under 28 U.S.C. § 1334, yet

---

[4] The district court's Standing Order is consistent. It provides, in pertinent part:

> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court made in compliance with Fed. R. Civ. P. 52(a)(1) in the form of findings of fact and conclusions of law stated on the record or in an opinion or memorandum of decision.

[5] Section 157(e) requires the "express consent" of all parties to the bankruptcy court conducting a jury trial. This is in contrast with section 157(c)(2), addressing non-core matters, which requires only "consent." As noted above, the parties may consent to the bankruptcy court entering final orders in non-core matters by failing to object in a timely manner. It is unclear whether the same analysis applies in the context of consent to a jury trial before the bankruptcy court under section 157(e). To avoid questions on this issue, this court typically requires that each party expressly consent in writing or on the record if they wish this court to preside over a jury trial. In any case, jury trials before the bankruptcy court are rare in this district and elsewhere.

not have the statutory or constitutional power to enter a final order or judgment. In such a case, the district court may enter the binding order or judgment.

In each matter before a bankruptcy court, there are three questions that must be addressed. Is there subject matter jurisdiction under 28 U.S.C. § 1334(b)? If so, is the matter core or non-core under 28 U.S.C. § 157(b)? Lastly, if the matter is statutorily core, can the bankruptcy court enter final orders and judgments consistent with the limitations of Article III of the Constitution?

ANALYSIS

There is federal bankruptcy jurisdiction over the plaintiff's proceeding supplementary against Ms. Baldini. The plaintiff holds a substantial judgment against Mr. Duprey and seeks to collect that judgment through the action against Ms. Baldini. The supplementary proceeding does not arise under a provision of the Bankruptcy Code, so it is not a proceeding arising under title 11. Nor is it an action that may only be brought in a bankruptcy case, so it is not a proceeding arising in a case under title 11. Outside of chapter 15, an action aimed at augmenting the assets under administration falls under the court's related to jurisdiction. *See Stern*, 564 U.S. at 492 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54 (1989)). The same analysis applies in this chapter 15 case. The resolution of the proceeding supplementary will have an "impact upon the handling and administration of the chapter 15 case." *In re British American Ins. Co.*, 488 B.R. at 223. The plaintiff's proceeding supplementary against Ms. Baldini is a related to matter.

The plaintiff points out that the list of core matters in 28 U.S.C. § 157(b)(2) includes "proceedings to determine, avoid, or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(H). Technically, then, Congress included the plaintiff's proceeding supplementary against Ms. Baldini as a core matter. But this is not determinative on the question of whether this court has the power to enter final orders and judgment in the matter. The plaintiff's proceeding supplementary against Ms. Baldini aims only to augment the estate administered by the plaintiff. It does not "stem from the

9

bankruptcy itself" nor would it "necessarily be resolved in the claims allowance process." *Stern*, 564 U.S. at 499. Although labelled as a core matter, the proceeding supplementary against Ms. Baldini must be treated as non-core. *Executive Benefits*, 573 U.S. at 34-37.

This court may not enter final orders or judgment in the proceeding supplementary absent consent of the parties. While Ms. Baldini explicitly states only that she does not consent to this court conducting a jury trial (although she did not seek withdrawal of the reference for that purpose), the court interprets her filings as indicating that she does not consent to this court entering any final rulings in the matter.

Nevertheless, the district court is not required to withdraw the reference immediately to rule on Ms. Baldini's motion to dismiss the notice to appear as she requests. The district court has discretion to permit this court to present it with a proposed ruling on the motion to dismiss, pursuant to Fed. R. Bankr. P. 9033, or to withdraw the reference and rule on the motion itself. In light of the broad discretion afforded to the district court, and the role of this court in this related to matter, the court expresses no preference in this regard.

ORDER

For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

1.      The *Plaintiff/Judgment Creditor BAICO's Motion To Determine Baldini Fraudulent Transfer Proceeding Supplementary As A Core Proceeding* [ECF No. 824] is GRANTED to the extent provided herein.

2.      This court has related to jurisdiction, under 28 U.S.C. § 1334(b), over the plaintiff's proceeding supplementary against Sylvia Baldini. The court will treat the proceeding supplementary as a non-core matter under 28 U.S.C. § 157(c).

3.      As previously ordered [ECF No. 819], the court will take no action on Ms. Baldini's *Motion To Dismiss BAICO's Amended Notice To Appear With Prejudice* [ECF No. 814], until such time as

the district court rules on *Sylvia Baldini's Objection To Bankruptcy Court's Adjudication And Motion To Withdraw The Reference And Supporting Memorandum Of Law* [ECF No. 816].

###

Copies Furnished To:
Traci H. Rollins, Esq.

*Traci H. Rollins, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*